EDWIN A. BRADLEY v. EUGENE A. DIKE ET AL.

1. The statute of 1888 fixes conclusively the 20th of December as the period when an assessment for taxes becomes a lien upon lands.
2. Prior to that period there exists nothing but a liability of the lands to a future lien.
3. An assessment of taxes upon lands is not an encumbrance, prior to the 20th of December, within the import of a covenant against encumbrances in a conveyance.

This was an action for breach of covenants in a conveyance. On case certified from the Essex Circuit.

Argued at November Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL

For the plaintiff, *Edwin B. Goodell.*

For the defendants, *A. Q. Keasbey & Sons.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. These are the facts to which the law is to be applied.

The defendants were the owners of a certain piece of land which was partly in the township of Montclair, and on the 2d of June, 1890, they conveyed it to one John A. Rochford, who, thereafter, on the 25th day of August following, conveyed it to the plaintiff. These deeds respectively contained the usual covenants against encumbrances and warranty of title.

Prior to this transaction, that is to say, on the 20th of May, 1890, an assessment of taxes for the current year against this tract of land had been made and confirmed; and it is the existence of this tax that has given rise to this controversy.

On the side of the plaintiff it is contended that this tax became an encumbrance on the premises conveyed to him on the 20th of May, 1890, and that it continued to be such encumbrance on the 2d of June of the same year, which was the date of his deed as already shown, while the defendants insist that this tax did not ripen into an encumbrance until the 20th of December of the same year.

This latter contention has its basis in the supplement to the act concerning taxes, approved April 2d, 1888. The provision relied on is thus expressed, viz.: " That any and all taxes which shall or may hereafter be laid, assessed or imposed, pursuant to the laws of this state, against any person or persons or corporations for and on account of any lands, &c., together with lawful interest thereon accruing, and all costs, &c., shall be and become, from and after the twentieth day of December next after such assessment, a full and complete first and paramount lien on all the lands, &c., on account of which such levy and assessment shall be made, and while unpaid shall remain such lien for the space of two years from the said twentieth day of December." Following this, in the same section, is a clause declaring " that all mortgages, devises, descents, liens and encumbrances of every kind and nature, of, in, upon or against such lands, &c., shall be in every respect subject and subservient to the lien of the aforesaid taxes," &c.

After a careful consideration of this act, our conclusion is that it authoritatively fixes the time at which assessments of taxes become liens or encumbrances upon the lands so assessed. Before this provision, that subject was obscured by doubts owing to the vagueness of the existing statutory expression, as will appear by reference to the case of *Johnson* v. *Van Horn*, 16 *Vroom* 136. The central purpose of the present law is to dispel this uncertainty, and its language is

utterly inconsistent with the notion that the tax lien attaches to the property at any time antecedent to the period which itself designates. When this supplement declares that the assessment at a certain date shall be and become a full and complete first and paramount lien on the lands, a negation is involved that such tax has already attached as a lien before that date. As our statutory regulations now stand, assessments of taxes for the current year do not become liens or encumbrances upon lands prior to the 20th of December; antecedently to that period they subject the lands to a mere liability to a future lien, and such a liability is not essentially different from that which inheres in the land prior to the making of the assessment itself.

The result of this view is that, at the time of the conveyance in question, there was no encumbrance upon these lands, the consequence being that the plaintiff's cause of action altogether fails.

It is proper also to remark that even on the assumption that the assessment of taxes on these lands constituted an encumbrance thereon, the plaintiff could not have sustained his suit. He could not have recovered on the covenant against encumbrances, for the defendant entered into no such covenant with him. It will be remembered that the defendants made conveyance to one Rochford, who transmitted the title to the plaintiff, therefore the cause of action arising out of a breach of the covenant against encumbrances became vested in Rochford, and he could not transmit it with the title to the plaintiff.

Nor could the plaintiff succeed in his suit on the covenant of warranty, inasmuch as he voluntarily paid off these taxes, being the supposed encumbrance, and under such circumstances an eviction could not be imputed. The principles of law on this subject are entirely settled.

Let the Circuit Court be advised in accordance with the foregoing view.