# COUNTY OF MEEKER v. MRS. FRED SCHULTZ and Another.[1]

April 15, 1910.

Nos. 16,526—(115).

**Lien for Ditch Assessment — Recording Assessment — Laws 1901, c. 258, § 19.**

Action to enforce the collection of a general tax and a ditch lien against respondents' lands. There was no issue as to the general tax. The defense as to the ditch lien was that jurisdiction to establish the ditch was never acquired, and, further, that no assessment list and statement, which included the land in question, was ever recorded in the office of the register of deeds. The trial court found, in effect, that the ditch was a valid, established, and existing public improvement, but that no assessment list and statement was ever recorded in the register's office, as required by Laws 1901, c. 258, § 19. As a conclusion of law judgment was ordered for the general tax only, and that the action be dismissed as to the alleged ditch lien. *Held*, that the facts found justified the conclusion of law.

In proceedings in the district court for Meeker county to enforce certain delinquent taxes, defendants appeared specially for the purpose of objecting to the jurisdiction of the court to enter judgment, and set up that the assessment for a certain county ditch was void; that no statement of lien had been filed with the register of deeds, and no notice or summons and list, as required by R. L. 1905, § 906, had been published. The case was tried before Qvale, J., who made findings as stated in the opinion, and ordered judgment that objectors were entitled to a judgment of dismissal on the claim for a ditch lien. The substance of the first judgment entered, and subsequently vacated on motion of defendants, is stated in the opinion. From the second judgment of dismissal entered pursuant to the findings, plaintiff appealed. Affirmed.

*Luke K. Sexton* and *Alva R. Hunt*, for appellant.
*Albert F. Foster* and *H. S. McMonagle*, for respondents.

[1] Reported in 125 N. W. 901.

STArt, C. J.

This proceeding was instituted in the district court of the county of Meeker to enforce delinquent taxes against the land of the respondents for the year 1907 and a special lien or assessment against the land for the construction of a county ditch designated as "No. 17." The respondents by their answer made no objections to the general tax, thereby conceding its validity and the right of the appellant to judgment therefor. The defense was directed solely to the special lien or assessment for the ditch, and was to the effect that the board of county commissioners never acquired jurisdiction to establish the ditch, and, further, that no assessment list and statement, signed and acknowledged by the county auditor, including the land of the respondents, was ever recorded in the office of the register of deeds. The findings of fact by the trial court were to the effect that, although there were irregularities and defects in the proceedings taken to establish ditch No. 17, they were such as could be and were waived by the respondents, and that they were now estopped to question the validity of the order establishing the ditch, which "is a valid, established and existing public improvement within said county;" and, further, that no proper or sufficient assessment list and statement which included the respondents' land was ever made by the county auditor and recorded in the office of the register of deeds of the proper county, as required by Laws 1901, p. 425, c. 258, § 19. The conclusions of law from the findings of fact were these: "That the plaintiff is not entitled to recover, in this proceeding, any amount of the asserted lien for the cost of ditch No. 17 of said county, but is entitled to judgment covering the amount of the general tax against the lands described above, with interest, penalty, and costs. That the defendant and objectors are entitled to judgment of dismissal of this action and proceedings as to the entire amount of principal, interest, penalty, and costs asserted and claimed for a ditch lien against or upon said lands. Let judgment be entered accordingly." Thereupon, on motion of counsel for appellant, judgment was entered by the clerk to the effect that ditch No. 17 is a valid established and existing public improvement; that the plaintiff is not entitled to recover in this

action on the alleged ditch lien statement; that the plaintiff recover the amount of the general tax, with interest, penalty, and costs. The respondents then moved the court to vacate the judgment for the reason that it was not entered in conformity with the court's order for judgment. The court made its order vacating the judgment and directing that judgment be entered as ordered in the conclusions of law. Judgment was then entered substantially in accordance with the original order of the court, from which the appellant appealed.

The only question presented by the record for our decision is whether the ultimate facts found by the court justify its conclusion of law that judgment be entered dismissing the action as to the alleged ditch lien assessment. It is the contention of the appellant that they do not, for the reason that the record presents simply a failure of proof on the part of the appellant; hence only a nonsuit was proper. The record does not sustain the contention.

The proceeding was one to enforce the payment of a general tax, as to which there was no issue, and to enforce the collection of a ditch lien, as to which the issue was whether such lien existed. This issue was tried on the merits, and the court found, from the evidence submitted, facts from which the conclusion necessarily followed that there was not and never had been any such ditch lien. This was not a mere failure of proof on the part of the appellant, for the delinquent list filed with the clerk of the court established a prima facie case for the appellant which was overthrown by evidence that no assessment list and statement was ever recorded in the office of the register of deeds. The recording of such list in the register's office is essential to the creation of a valid ditch lien. Laws 1901, p. 425, c. 258, §§ 18, 19.

It follows that the issue was tried and determined on the merits, and that a mere nonsuit, leaving the appellant at liberty to institute another proceeding to enforce the collection of the same alleged lien, would be manifestly unfair. The facts found show that there never was any ditch lien; hence they clearly justify the conclusion that the proceedings, so far as they relate to the alleged ditch lien, should be dismissed. This contention rests upon the simple proposition

that there never was any ditch lien against the land of the respondents. Whether such a lien may be hereafter perfected by the recording of a proper assessment list and statement is a matter not involved in this appeal, for the judgment appealed from simply determines that the appellant has not now any ditch lien on the land in question, and that the proceedings to enforce such alleged lien are dismissed. It follows that such a judgment is justified by the facts found, for it is clear that, if the appellant hereafter acquires a ditch lien on the respondents' land, such after-acquired lien cannot be affected by the judgment in this proceeding.

Judgment affirmed.