# STATE ex rel. BOARD OF COUNTY COMMISSIONERS OF MEEKER COUNTY v. H. S. JOHNSON.[1]

May 6, 1910.

Nos. 16,551—(31).

**Duties of public officers.**

As a general rule, duties imposed by law upon public officers are functions and attributes of the office, not the officer.

**Statement in drainage proceedings.**

The duty to make and file a lien statement in drainage proceedings, under section 19, c. 230, Laws 1905, is an attribute of the office of county auditor, and in no sense discretionary with the person holding that office.

**Same — delay of four years.**

A delay of four years in filing such a statement *held* not fatal to the rights of the county. State v. District Court of Ramsey County, 68 Minn. 242, followed.

**Unperformed duties — mandamus against successor in office.**

Where an officer goes out of office leaving duties imposed upon him by law unperformed, the duty of completing the same devolves upon his successor, and he may be compelled by mandamus to do so.

**Mandamus — parties respondent.**

All persons who have a special interest in the subject-matter of a mandamus proceeding, and whose rights will be collaterally determined or substantially affected by the judgment, are proper parties respondent, and may be heard therein in the protection of their rights.

**Same — owners of land affected.**

In proceedings by mandamus to compel the county auditor to make and file a lien statement under the drainage statute after the time limited therefor, the owners of land affected are proper parties respondent.

On the petition of the board of county commissioners of Meeker county for a writ of mandamus directed to H. S. Johnson, auditor

[1] Reported in 126 N. W. 480.

of Meeker county, the district court for that county made an order to show cause and directed that the order and petition be served on six persons of the name of Schultz, whose land had been assessed for the construction of the ditch mentioned in the opinion. On the return day the respondents Schultz appeared and moved to quash the writ, and in case their motion was not granted that they have leave to file a petition to be made parties to the proceeding. From an order, Qvale, J., dismissing the writ and quashing the proceedings, relator appealed. Reversed and cause remanded for further proceedings in harmony with the views expressed in the opinion.

*Luke K. Sexton* and *Alva R. Hunt,* for appellant.

*Albert F. Foster* and *H. S. McMonagle,* for respondents Schultz.


BROWN, J.

Appeal from a judgment denying relator a peremptory writ of mandamus. The facts, as disclosed by the record, are as follows: Some time prior to the year 1906, the board of county commissioners of Meeker county, in proceedings had for that purpose, duly laid out and ordered constructed a ditch for drainage purposes, designated in the record as "ditch No. 17." The proceedings, so far as we are advised from the record, were in all things regular and in compliance with the statutes on the subject. All lands affected and benefited by the ditch were properly assessed therefor, and the final order of the board so assessing the same was filed with the county auditor.

That officer, in compliance with the statutes requiring the preparation and filing of a certified statement of such assessments (Laws 1905, p. 323, c. 230, § 19), made a list, upon blanks provided for that purpose, of all lands so assessed. The list was composed, as we understand from the allegations of the petition herein, of seven separate sheets of paper, upon the back of each of which was a form of acknowledgment provided for by the statute. The seven sheets were fastened together; but the auditor, instead of filling out and signing the blank acknowledgment on the back of the last one, filled out and signed the acknowledgment on the back of the first sheet, and, as thus executed, filed all the seven sheets in one package with the regis-

ter of deeds. This was filed some time in the year 1905. The precise date is not set out in the record.

Thus the matter remained until May 22, 1909, in the neighborhood of four years and more, when this proceeding was instituted to compel respondent Johnson, county auditor, and successor of the person who held the office when the lien statement aforesaid was filed, to prepare and file with the register of deeds a new statement covering all lands benefited by the ditch which were not included in that statement. Mrs. Fred Schultz, Frederick Schultz, and John, Mary, Lizzie, and Louisa Schultz, owners and persons having an interest in certain of the lands to be included in the proposed new lien statement, were by order of the court below served with notice of the application for the mandamus, to the end "that they may have notice of said application and take such steps as they may be advised."

At the hearing below, the respondent, county auditor, made no appearance in opposition to the relief demanded; but the Schultzes appeared and by their counsel demanded, as parties to the proceeding and interested in the result thereof, the right to be heard upon the merits of the controversy. Relator objected to their participation or appearance, and, upon its objection being overruled by the trial court, moved to dismiss the proceeding as to them. This motion the court overruled. The court, however, limited the rights of the Schultzes, permitting them to object to the sufficiency of the petition for the writ only, and denying them the right to further contest the right of relator to the relief prayed for. After hearing the parties within the limitations stated, the court made an order dismissing the proceedings, and from a judgment entered to that effect, relator appealed.

Passing several minor objections to the validity of the proceedings, raised by counsel for the Schultzes, which are not fatal and do not require discussion, we come directly to the principal questions presented.

1. It was contended in the court below, and again in this court, that the duty to prepare in proper form the lien statement in question was imposed by law upon the auditor in office at the time the

drainage proceedings were concluded and the final order of the county board filed, and that having failed to do so respondent herein, his successor in office, has no duty to perform in the premises, and cannot be compelled, by mandamus or otherwise, to complete the unfinished work of his predecessor. As we understand the record, the learned trial court concurred in this contention, and thereon, as one of the grounds, dismissed the proceedings. In this we are clear the court was in error.

While it is true that the writ of mandamus will be granted against a public officer only for the purpose of enforcing some existing specific duty, it is clear that such duty existed in the case at bar. Though the drainage of wet and overflowed land is primarily in the interests of the public health and general welfare, those interests are not alone promoted by such improvements. Private interests are also involved; and the lands benefited, by being relieved of their surplus water and made suitable for agricultural purposes, are made to pay the expense of the improvement. The proceedings are all conducted by public officials, whose duties are specifically defined, who possess, in so far as the question here before the court is concerned, no discretion in their performance. The county within which a drainage ditch may be located and established, as an agency of the state, takes control of the work of construction and advances the necessary funds to complete the same, reimbursing itself by assessing, proportionately and according to benefits, private property improved thereby.

The statute under which the drain in question was established provides for a lien in favor of the county for money paid out in the work, and particularly how the same may be acquired and perfected. In the matter of perfecting the lien, the officers charged with duties respecting the same act as agents of the county, and the performance thereof is made absolute, and not dependent in any measure upon their discretion. Section 19 imposes upon the county auditor, as soon as practicable after the entry of the final order of the county board, the specific duty to make and file with the register of deeds a lien statement in the form and manner therein prescribed.

The duty so imposed is an attribute of the office, not one personal

to the officer, to be performed or not in his discretion. Mechem, Public Officers, 937; State v. Holgate, 107 Minn. 71, 119 N. W. 792. Certain official duties might in particular cases be construed as discretionary, and therefore personal to a particular incumbent; but such is not the situation here presented. The case at bar is controlled by the general rule that duties imposed upon public officers. are functions and attributes of the office, not of the officer, and performable by whomsoever may hold the office at a time when they may lawfully be performed. The protection of the interests of the county in the case at bar required the filing of the lien statement, and the duty to file it was absolute and unconditional. It was one of the unperformed duties of the office when respondent became the incumbent thereof, and it then, by virtue of his official character,. became his duty to perform it, and he may be compelled to do so.

We need not stop to inquire whether a mistake in the performance of some duty imposed upon a public officer may be corrected in this manner. The writ is not sought for that purpose. No mistake in the statement actually filed is complained of or sought to be corrected. As to the lands affected by the ditch and assessed for benefits, not included on the first page of the statement filed with the register of deeds, there was no statement, and the county acquired no lien. The situation is precisely as though the one sheet had been filed by the county auditor. County of Meeker v. Schultz, 110 Minn. 405, 125 N. W. 901. It amounted, not to a mistake in the list filed, but to an omission on the part of the officer then in office, as to lands not included therein, to comply with the statute at all.

2. It is further contended that respondent, conceding authority to do so if timely exercised, could not legally file a new lien statement at this time, because the county had lost its right to perfect its lien. This is founded upon the provisions of section 19 of the drainage statute, which requires the statement to be prepared and filed as soon as practicable after the final order laying out the ditch is made by the county board. The point is that the statute grants to the county a reasonable time within which to perfect its lien, and that the delay here shown, over four years, is unreasonable, and a bar to further proceedings. This question is disposed of adverse-

ly to the contention of counsel by the case of State v. District Court of Ramsey County, 68 Minn. 242, 71 N. W. 27.

That case involved an assessment for local improvements in the city of St. Paul. The city charter required an application of the district court for an order confirming the assessment when completed. The charter further provided that, whenever an application for confirmation should be denied for any cause, the city treasurer should proceed "without unnecessary delay" to cause a new assessment to be made. The application for judgment in that case having been denied by the district court, the city treasurer delayed nearly five years before making a new one, as required and permitted by the charter. The court held the delay not fatal.

3. It is further contended that the Schultzes had lost their right to appeal from the order laying out the ditch by the failure of the auditor to file with the register of deeds a proper lien statement within the time required. This contention is not sound. Section 12 of the drainage act provides that an appeal from an order laying out a ditch shall be taken within twenty days from the date of the final order by the county board. The time within which to appeal commences to run at that time, and it is not limited, or in any way affected, by the provisions of section 19, requiring the lien statement to be filed as soon as practicable after the final order is made. So that the failure to file the lien statement in no way interfered with the right of appeal from the order laying out the ditch.

4. It is further contended that relator has a speedy and adequate remedy at law for the relief demanded, and therefore that mandamus will not lie. We do not concur in this contention. Our consideration of this branch of the case suggests no other method or procedure by which the county may perfect its lien for this improvement, if it is entitled to one. Statutory liens can be perfected only in the manner prescribed by the statutes creating and providing therefor, and then only when the statute is strictly complied with. We know of no rule which would permit a court of equity to relieve a party in a case of this kind from a compliance with the statute, and it follows that the equitable action which counsel stated on the oral argument had been brought by the Schultzes against the county and the coun-

ty auditor respecting this ditch and the asserted lien of the county is not the speedy and adequate remedy which precludes the right of mandamus.

5. This disposes of all questions requiring special mention and results in a reversal of the judgment appealed from, for the reason that the court, on the facts stated, should, in the absence of some valid defense on the part of the Schultzes, have granted the relief prayed for. In view of this situation and a probable new trial, it is proper to dispose of another question presented by the record and discussed to some extent, namely, the right of the Schultzes to be heard upon the merits of the questions involved. The court below, as already stated, limited their right in this respect to an objection to the sufficiency of the relator's proceedings. In this we think the court erred. It is laid down as a general rule that all persons who have a special interest in the subject-matter of mandamus proceedings, and whose rights will be collaterally determined or substantially affected by a judgment awarding a writ therein, may properly be joined as parties respondent. 26 Cyc. 415; State v. Minneapolis & St. Louis Ry. Co., 39 Minn. 219, 39 N. W. 153; State v. Cranney, 30 Wash. 594, 71 Pac. 50; State v. State Board, 7 Wyo. 478, 53 Pac. 292; Chappell v. Rogan, 94 Tex. 492, 62 S. W. 539; Powell v. People, 214 Ill. 475, 73 N. E. 795, 105 Am. St. 117.

In other words, that third persons so interested and likely to be affected by the result are proper parties to the proceeding. We need not stop to inquire whether under our statutes they are necessary parties; for it is clear that they may, under our practice, be made parties, to the end that the whole controversy may be determined in one action, and, when so brought in, they have a right to be heard fully and completely, and may interpose any defense proper to be heard and considered.

In this case, the writ, if granted and complied with by the county auditor by filing a lien statement, would result in incumbering the land of the Schultzes, casting a cloud thereon, and if, for any reason, the county has not a valid right to now perfect its lien, would materially and substantially affect their legal rights. This furnishes a sufficient basis for their appearance to contest the validity

of the asserted rights of the county, and we hold that they have the right to present any objections now available to them as reasons why the county has at this time no legal right to prepare and file the lien statement. They could not, of course, urge any ground which should have been presented by an appeal in the drainage proceeding. But such other objections as may be open to them, and which go to the validity of the asserted lien, they may be heard upon. In this view, it is clear that the trial court properly overruled relator's attempt to eliminate the Schultzes from further consideration in the premises by the attempted dismissal of the proceeding as to them.

Judgment reversed, and the cause remanded for further proceedings in harmony with the views herein expressed; and in view of the particular result, both parties having in a measure succeeded, no statutory costs will be allowed.