## ALEXANDER RAMSEY ESTATE v. MERCHANTS TRUST COMPANY, ST. PAUL.[1]

December 23, 1927.

No. 26,401.

**When lien for county ditch assessment attaches.**

1. A lien for an assessment for the cost of a county ditch does not attach until the auditor's assessment list and statement is filed for record in the office of the register of deeds.

**Guaranty against liens was not violated.**

2. Where the auditor's assessment list and statement was not filed until 18 months after the date of a guaranty to protect mortgagee against liens or encumbrances superior to the mortgage, *held* that the guaranty was not violated.

Drains, 19 C. J. p. 751 n. 20.
Mortgages, 41 C. J. p. 680 n. 59.

Plaintiff corporation appealed from an order of the district court for Ramsey county, Michael, J. sustaining a demurrer to its complaint. Affirmed.

*Yardley & Tiffany,* for appellant.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for respondent.

[1]Reported in 217 N. W. 101.

QUINN, J.

In January, 1922, the defendant loaned to the owner of the land involved in this suit $2,500, taking a mortgage thereon to secure the payment of such loan. On March 17, 1922, it sold and assigned such mortgage to the plaintiff, and at the same time executed to the plaintiff a written guaranty whereby it obligated itself to protect the plaintiff from all loss or damage by reason of any defect in the title to said land or any lien or encumbrance thereon superior to such mortgage. This action is based upon such guaranty. The appeal is from an order sustaining a general demurrer to the complaint.

In April, 1920, a petition, duly signed, asking for the establishment and construction of a county drainage system, for which the land referred to would be subject to an assessment for benefits, was filed with the county auditor, and such proceedings were thereafter had that in February, 1921, the report of viewers was filed estimating benefits to such land involved at $6,345. In April, 1921, an order of the county board establishing such drainage system was duly made and filed. In September, 1923, the county auditor made and filed a list and statement in such drainage system pursuant to the provisions of G. S. 1923, §§ 6703-6705, assessing the benefits at $4,208.38.

The complaint does not allege any defect in the title. The only question presented by this appeal is whether the pleading shows a breach of the obligation to protect against liens or encumbrances superior to the mortgage. We do not think it does. A lien for an assessment for the construction of a county ditch does not attach until the auditor files his list and statement, as indicated, with the register of deeds, which was not filed until nearly 18 months after the date of the guaranty. Under such circumstances it is clear that the guaranty against liens has not been violated. G. S. 1923, § 6705; Clapp v. Minnesota Grass Twine Co. 81 Minn. 511, 514, 84 N. W. 344; County of Meeker v. Schultz, 110 Minn. 405, 125 N. W. 901. The amount becomes a lien encumbrance on the land from the filing of the auditor's statement, but not before. Cemansky v. Fitch, 121 Iowa, 186, 96 N. W. 754; Barth v. Ward, 63 App. Div. 193,

71 N. Y. S. 340; First Church v. Cox, 47 Ind. App. 536, 94 N. E. 1048; Real Estate Corp. v. Harper, 174 N. Y. 123, 66 N. E. 660; Barlow v. St. Nicholas Nat. Bank, 63 N. Y. 399, 20 Am. R. 547; Bradley v. Dike, 57 N. J. L. 471, 32 A. 132. The complaint herein fails to show when the contract for the construction of the system was let or whether the ditch has ever been constructed. A covenant against encumbrances is a covenant in praesenti, broken, if at all, as soon as it is made. Fritz v. Pusey, 31 Minn. 368, 18 N. W. 94; 15 C. J. 1247.

A mechanic's lien differs from a county ditch assessment lien. The latter lien does not attach until the auditor's statement is filed with the register of deeds, while the former attaches from the time the first item of material or labor is furnished upon the premises and, as against a bona fide purchaser or mortgagee without notice, does not attach until visible beginning of the improvement. The cases cited as authority by the appellant are therefore not applicable. Under this view of the case it is not necessary to enter into a discussion of the rule of damages. The rule however is stated in the Fritz case, 31 Minn. 368, 18 N. W. 94, and in Mechanics Sav. Bank v. Thompson, 58 Minn. 346, 59 N. W. 1054.

Affirmed.