# STATE EX REL. GEORGE E. CHILD v. CITY OF WASECA AND OTHERS.[1]

October 18, 1935.

No. 30,514.

[1]Reported in 262 N. W. 633.

*Harvey E. Gardner* and *John Brozik,* City Attorney, for appellants (respondents below).

*John R. Bullard* and *Gallagher, Madden & Gallagher,* for respondent (relator below).

I. M. OLSEN, JUSTICE.

The respondents, the city of Waseca and its city clerk and mayor, appeal from a judgment in favor of the relator, George E. Child, municipal judge of the city, cómmanding the city clerk and mayor to issue to the relator warrants for his monthly salary of $50 per month for April and May, 1934, and for each month thereafter during relator's term of office. The action is by *mandamus* to compel the issuance of such warrants.

1. The city of Waseca is a city of the fourth class, operating under a home rule charter. The charter did not establish the municipal court, but provided that the city council should duly adopt the provisions of L. 1895, c. 229, and thereby establish a municipal court to be governed by that law and acts amendatory

thereto. Thereafter and until 1920 the compensation of the municipal judge, elected pursuant to the statute, appears to have been on a fee basis. He received the court fees fixed by the schedule of fees in the statute. The statute was thereafter amended to give the council authority to fix the salary of the judge in a sum to be paid to him monthly in lieu of the fees theretofore received by him. The first resolution of the city council providing a fixed salary of $50 per month payable monthly to the municipal judge was adopted in April, 1920. The resolution was approved by the mayor and duly published. Again, in 1930, the city council duly adopted a second resolution, which was approved by the mayor and published, reënacting the provisions that the salary of the municipal judge was fixed at the sum of $50 a month, payable monthly, and that the court fees in municipal court should be collected and paid into the city treasury for the use of the city. Again, on May 4, 1933, the city council duly adopted a third resolution fixing the salary of the municipal judge at the sum of $50 per month and fixing certain sums to be charged for court fees to be collected and paid into the city treasury.

The statutes, up to 1913, made it optional with the city council whether to compensate the municipal judge by permitting him to collect and receive the court fees charged or by fixing a monthly salary for the judge and having the fees paid into the city treasury for the use of the city. But by L. 1913, c. 104, the legislature amended the law by striking out the provision that the city council "may" fix the salary and inserting in the law the provision that the salary of the municipal judge "shall be" fixed by a resolution adopted by a four-fifths majority of the members of the council and shall be paid monthly. L. 1927, c. 276, and also L. 1929, c. 223, contain the same mandatory language requiring the council to fix the salary of the municipal judge on a monthly payment basis. These same provisions that the salary of the judge and special judge shall be fixed by resolution, adopted by a four-fifths majority of the members of the council of the city or village and approved by the mayor or president and shall be paid monthly by the city or village, are also contained in L. 1933, c. 269, 3 Mason Minn. St. 1934

Supp. § 217. Pursuant to this last act, the city council, by resolution adopted May 4, 1933, did provide that the salary of the judge of the municipal court shall be the sum of $50 per month, and that the court fees should be collected by the judge and paid into the city treasury.

It seems clear that in April, 1934, the city council was without authority to discontinue the salary of the municipal judge or to place him back on a fee basis. The present action arose by reason of the fact that on April 10, 1934, the city council of Waseca adopted a resolution providing "that the salary of the Municipal Judge of the City of Waseca, Minnesota, be discontinued, and that the compensation of said Judge of the Municipal Court be restored to a fee basis, said fees to be in accordance with the provisions of the Minnesota statutes," and "that all resolutions inconsistent therewith are hereby repealed." We agree with the conclusions of the trial court that the resolution of the council adopted April 10, 1934, was invalid and of no effect and that the resolution adopted May 4, 1933, remained in force and effect.

2. It is argued that the resolution fixing the salary of the municipal judge, adopted in May, 1933, was a temporary enactment and did not extend beyond the term of office of the council then in being. A resolution fixing the salary is required to be enacted with the same formalities as an ordinance. The resolution must be adopted by the vote of four-fifths of the members of the council and approved by the mayor. It appears also to be required that it must be published. A resolution passed with the same formalities required for enactment of an ordinance may be held to have the same force as an ordinance. Steenerson v. Fontaine, 106 Minn. 225, 119 N. W. 400; Crebs v. City of Lebanon (C. C.) 98 F. 549; Kerlin Bros. Co. v. City of Toledo, 11 O. C. D. 56, 20 Ohio Cir. Ct. 603. We are satisfied that the resolution here in question did not expire with the expiration of the term of the city council which enacted it and that it remained in force until properly repealed or amended.

3. The relator was elected judge of the municipal court of Waseca in April, 1930, for a term of four years. He served and

received the salary of $50 per month, provided by resolutions of the council, during that term. He was reëlected at the city election on April 2, 1934, for another four-year term. The new council then elected met and qualified on April 10, 1934. The resolution above mentioned, attempting to discontinue the salary of the municipal judge, was passed by the council on the evening of April 10, 1934. It was published, we take it, the next day. The point is made that the relator failed to qualify on April 10, 1934, and that therefore he did not enter upon his term at that time. The contention of the respondents, the appellants here, is that he was required to file his oath of office and bond with the city clerk and that he did not so file. The contention of the relator is that his oath and bond should be filed with the secretary of state. The statute is in somewhat of a mix-up on the question of the place where the oath and bond shall be filed. Prior to 1909 the place of filing was with the city clerk, but by L. 1909, c. 116, a change was made which required the bond and oath of the municipal judge to be filed with the secretary of state after approval thereof as to form by the attorney general. Since that time, the General Statutes of 1913 and 1923 and Mason's Minnesota Statutes of 1927, § 213, all carry the provision that the oath and bond of the municipal judge shall be filed with the secretary of state. So we think there is no question but that the office of the secretary of state is the proper place for filing the oath of office and bond of a municipal judge. The statute does not definitely fix the time for the filing of the oath and bond. The bond has to go to the attorney general for approval as to form. There may be small delay, either there or in the secretary of state's office, in the matter of the actual filing. Here, the facts are that on the fifth day of April, 1934, the relator duly took oath of office before an authorized officer in Waseca and duly executed bond as required by city ordinance in the sum of $1,000, running to the city of Waseca, which bond was on that day duly approved by the mayor of the city of Waseca. It appears that on the seventh day of April, 1934, the relator mailed the oath and bond, which were attached together, to the secretary of state at St. Paul, Minnesota. It does not appear on what day the same

were received by the secretary of state. In ordinary course of mail they should have been received on April 9. The bond was approved by the attorney general on April 11, and marked filed in the secretary of state's office on that day. There is no question but that the oath and bond were properly filed, and filed in due time, and the court so found.

4. The statutes provide that no resolution or action shall be taken by the city council which shall diminish the salary of the municipal judge during his then term of office. Both parties concede that the term of office of the municipal officers of the city commenced as of April 10, 1934. Counsel for respondents argue that because the oath and bond of the judge were not filed in the secretary of state's office until April 11, therefore his term of office did not commence on April 10 nor until the oath and bond were so filed. In that it seems that respondents' counsel fail to distinguish between the commencement of the term of office and the time of the qualification of the officer. We think there is a clear distinction and that the relator's term of office commenced on April 10, 1934. In that situation, a resolution of the city council attempting to discontinue or reduce his salary could not affect his salary for the term which commenced simultaneously with the commencement of the term of office of the city council; and, even if the resolution of the council of April 10, 1934, were otherwise valid, relator's term of office had already commenced when the resolution was adopted, and it could not discontinue or reduce his salary for that term.

5. Counsel for respondents raise several other questions, which may be briefly referred to, although we do not consider them important. They say that the relator was not a qualified judge of the municipal court at the time the resolution was passed. The resolution was required to be published for one week and probably would not be effective until a week after that date. However that may be, the relator was a qualified municipal judge. Even if he had not qualified in time, he would hold over under his prior election, as the term of a municipal judge when elected is for four years and until his successor is duly elected or appointed and qualifies.

6. It is argued that *mandamus* was not the proper remedy. Where the things to be done are ministerial acts and the right to have them done clearly appears, *mandamus* would seem to be a proper remedy.

7. It is argued that the court erred in failing to submit questions of fact to the jury. There was no exception taken at the trial to the refusal of the court to submit issues to the jury, nor did respondents' counsel point out clearly what issues they claimed should have been submitted. We are satisfied that there was no question of fact to go to the jury. There was no disputed question of any material fact in the case.

8. There is a statute as part of the municipal court acts which provides that in case the city council shall fail to fix the salary of the municipal judge or the mayor fail to approve the salary fixed the judge shall, until his salary is fixed, receive as compensation the fees provided by L. 1895, c. 229. Respondents' counsel argue that the resolution here in question amounted to failure to provide a salary for the judge and that therefore this provision of the statute should apply. It would be sufficient to say that the resolution here in question was not a failure to fix the salary but an attempt to discontinue it. However, the argument is necessarily based on the proposition that the resolution fixing the salary of the judge, adopted in 1933, had ceased to be in force at the end of the term of the council then in office. That has already been disposed of, and it follows that the 1933 resolution remains in force and effect.

9. There are several errors assigned on the findings of fact and conclusions of law of the trial court. It is sufficient to say that as to all determinative facts tne court's findings and conclusions are sustained by the evidence and the law.

Judgment affirmed.