## STATE EX REL. NORTHWEST AIRLINES, INC. v. MINNESOTA TAX COMMISSION AND OTHERS.[1]

July 12, 1940.

No. 32,377.

[1]Reported in 293 N. W. 243.

*J. A. A. Burnquist,* Attorney General, and *P. F. Sherman,* Assistant Attorney General, for appellant.

*John P. Devaney, Philip Neville,* and *Thomas O. Kachelmacher,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Action in *mandamus* to compel the state tax commission to issue its certificate for the refundment of certain income taxes which the taxpayer admittedly overpaid. The defense is that (1) the right to recover a refund is barred by the statute of limitations and (2) the taxpayer's remedy, if any, is not in *mandamus.* There were findings and conclusions in favor of relator. The appeal is from a judgment entered pursuant thereto.

The findings stand unchallenged with the exception of the last clause of paragraph XI, which reads:

"* * * that it is not an aggrieved party entitled to a writ of *certiorari* to review the decision of the Minnesota Tax Commission because said decision finding the overassessment is favorable to it."

From the findings these facts appear: On November 18, 1933, Northwest Airlines, Inc. hereinafter referred to as "taxpayer," duly filed with the Minnesota Tax Commission, hereinafter referred to as the "Commission," its income tax return for the period from January 1, 1933, to June 30, 1933, in which it reported a tax due the state of Minnesota of $1,061.98. This sum was paid to the state on April 26, 1934. On December 23, 1935, the commission determined a proposed additional tax liability against the taxpayer for the same period of $1,833.19. On February 24, 1936, a protest against the proposed additional tax liability was made by the taxpayer and a hearing demanded. On April 6, 1936, the commission changed the proposed additional tax liability from $1,833.19 to $1,665.95, and on April 17, 1936, the taxpayer

protested against the amended proposed additional tax liability. On July 28, 1936, the commission made an order denying the protest.

On April 25, 1936, the taxpayer duly filed with the commission its claim for refund of taxes paid April 26, 1934, in the sum of $840.14 out of the sum of $1,061.98 previously paid. In that claim for refund and in its protest against the additional tax assessment of $1,665.95 the taxpayer contended that the tax should be computed on an actual accounting basis for the period from January 1, 1933, to June 30, 1933. On December 8, 1936, the commission made an additional assessment against the taxpayer covering the period from January 1, 1933, to June 30, 1933, demanding the payment of additional taxes in the amount of $1,665.95; that in due course and in the month of February, 1937, the taxpayer duly filed protest against said additional assessment, requesting a hearing and that the same be abated.

On September 19, 1938, a hearing was had at which the commission considered both the protest of the taxpayer against the additional taxes amounting to $1,665.95 and the taxpayer's claim for refund of $840.14, and on that day made and filed its order in which it found that the taxpayer's net income for the period involved was $14,187.67; that the tax thereon amounted to $459.14; and that the tax previously assessed consisting of $1,061.98 actually paid and $1,665.95 additional tax levied should be reduced to $459.14, leaving an overassessment of $2,268.79 and an overpayment of $602.84. The order so determining contained this statement:

"Refund of taxes shall be limited to the amount allowable under the provisions of Section 47 of the Act."

For the reasons hereinbefore stated, the commission refused to issue a refund certificate and this proceeding followed.

The case presents only two questions: (1) Is the commission under a legally enforceable duty to refund to the taxpayer the amount overpaid by it; and (2) if so, is *man-*

*damus* the proper remedy to compel issuance of the refund certificate?

As controlling statutes, our attention has been called to L. 1933, c. 405, §§ 43 and 47, 3 Mason Minn. St. 1938 Supp. §§ 2394-43, 2394-47.[2]  In our opinion, § 43 has no applica-

---

[2]"Sec. 43.  **Tax commission to examine return.**—(a) The Commission shall as soon as practicable after the return is filed examine the same and make any investigation or examination of the taxpayer's records and accounts that it may deem necessary for determining the correctness of the return.  The tax computed by it on the basis of such examination and investigation shall be the tax to be paid by such taxpayer.  If the tax found due shall be greater than the amount reported as due on the taxpayer's return, the Commission shall assess a tax in the amount of such excess and the whole amount of such excess shall be paid to the Commission within 30 days after notice of the amount and demand for its payment shall have been mailed to the taxpayer by the Commission.  If the understatement of the tax on the return was false or fraudulent with intent to evade the tax, the installments of the tax shown by the taxpayer on his return which have not yet been paid shall be paid to the Commission within 30 days after notice of the amount thereof and demand for payment shall have been mailed to the taxpayer by the Commission.  If the amount of the tax found due by the Commission shall be less than that reported as due on the taxpayer's return, the excess shall be refunded to the taxpayer in the manner provided by Section 47 (except that no demand therefor shall be necessary), if he has already paid the whole of such tax, or credited against any unpaid installment thereof.

"(b)  The notices and demands provided for by Sections 43, 44, and 45 shall contain a brief statement of the computation of the tax and shall be sent by registered mail to the taxpayer at the address given in his return, if any, and if no such address is given then to his last known address."

"Sec. 47.  **Refundment of over-payments.**—(a)  A taxpayer who has paid, voluntarily or otherwise, or from whom there has been collected, (other than by the methods provided for in subdivisions (a) and (e) of Section 45) an amount of tax for any year in excess of the amount legally due for that year, may file with the Commission a claim for the refund of such excess. No such claim shall be entertained unless filed within two years after such tax was paid or collected.  If the Commission finds that the taxpayer has paid more than was legally payable, it shall issue its certificate for the refundment of the excess with interest at the rate of 6 per centum per annum computed from the date of the payment or collection of the tax until the date the refund is paid to the taxpayer, and the state auditor shall

tion where, as here, a claim for refund has been filed. This claim was filed within two years after the tax was paid. More than two years after the claim was filed the commission found that the taxpayer had paid more than was legally payable. It then became the duty of the commission, apart from the provisions of subdivisions (b) and (c) of § 47, to issue its certificate for the refundment of the excess with interest as prescribed in § 47(a).

Appellants' theory appears to be that since more than two years elapsed between the time the claim was filed and the time the commission made its decision with respect thereto, it was without power to issue a certificate for the amount overpaid. With this we do not agree. The commission's duty is explicitly stated in § 47(a), and this duty is not

---

cause such refund to be paid out of the proceeds of the taxes imposed by this Act, as other state moneys are expended. So much of the proceeds of such taxes as may be necessary are hereby appropriated for that purpose.

"(b) A taxpayer aggrieved by the decision of the Commission on his claim for a refund may sue the Commission to recover any overpayments of taxes made by him and not refunded by it. Such suits may be brought in the district court of the district in which lies the county of his residence or principal place of business or, if an estate or trust, of the principal place of its administration, or in the district court for Ramsey County. Such suit shall be brought within six months after the Commission shall have taken final action on such claim for refund except as provided in subdivision (c) hereof.

"(c) No suit shall be entertained to recover overpayments of taxes imposed by this Act until the taxpayer shall have filed a claim for refund thereof with the Commission and until said Commission has finally disposed thereof, except that, if said Commission shall fail to render final action on a claim for refund within 6 months after it is filed with it, the taxpayer may sue the Commission for such overpayment at any time thereafter but not more than 2 years after the filing of the claim for refund. On the bringing of such suit the Commission shall be deprived of further jurisdiction in hearing and determining such claim for refund.

"(d) Either party to the suits provided for in subdivisions (b) and (c) hereof may remove the judgment to the supreme court by appeal as provided for appeals in civil cases."

qualified by any reference to § 47(c). To be sure, § 47(c) limits the right of a taxpayer to sue the commission for a claimed overpayment when a claim has not been decided within six months after filed to a period of two years following the filing of the claim. But this provision of § 47(c) is inserted, as reference to the section will indicate, merely as an exception to the provision that the commission cannot be sued until it disposes of the claim. The section does not deprive the taxpayer of his right to a refundment, and where, as here, the commission proceeds to determine the merits of the claim, it has no application whatsoever.

■ The provisions of § 47(b) are important in determining whether or not *mandamus* is a proper remedy. It is argued that the taxpayer's remedy in light of the commission's order was suit within six months after the order was made. We do not agree with this claim because, in our opinion, the taxpayer was not an aggrieved party under the decision of the commission. It was thereby decided that the taxpayer had paid more than was legally payable. There remained nothing more for decision. The commission had decided in the taxpayer's favor; hence it was not an aggrieved party. Left undone was the purely ministerial task of issuing a certificate for the amount of the overpayment. In such a case *mandamus* is a proper remedy. State ex rel. Clark v. Jack, 126 Minn. 367, 148 N. W. 306; Hunt v. Hoffman, 125 Minn. 249, 146 N. W. 733; State ex rel. Board of Co. Commrs. v. Johnson, 111 Minn. 10, 126 N. W. 479; State ex rel. Child v. City of Waseca, 195 Minn. 266, 262 N. W. 633; State ex rel. Driscoll v. Enersen, 183 Minn. 341, 236 N. W. 488.

Of the cases cited by appellants only one, United States v. Bertelsen & Petersen Eng. Co. 306 U. S. 276, 59 S. Ct. 541, 83 L. ed. 647, is difficult to distinguish. Having read that opinion, we are not persuaded to the contrary of the views herein expressed. Appellants have expressed concern over the unlimited power to refund overpaid taxes which,

by virtue of this opinion, will be vested in the commission. No doubt appreciating this possibility, the legislature has avoided this danger by making proper amendments to the statute here considered. For the statute as amended, see 3 Mason Minn. St. 1940 Supp. §§ 2394-43 and 2394-47.

Judgment affirmed.

MR. JUSTICE STONE took no part in the consideration or decision of this case.

