DETROIT TRUST COMPANY (Formerly Security Trust Company), Administrator De Bonis Non with the Will Annexed of The Estate of Benjamin F. Tobin, Deceased,

v.

The UNITED STATES.

No. 479–53.

United States Court of Claims.

April 5, 1955.

Frank J. Albus, Washington, D. C., for plaintiff.

Edmund C. Grainger, Jr., Tuckahoe, N. Y., with whom was H. Brian Holland, Asst. Atty. Gen., for defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

This is an action for the recovery of income taxes allegedly wrongfully assessed by the Commissioner of Internal Revenue and paid by plaintiff.

The facts pleaded in this case show that on October 8, 1923, the plaintiff, as executor of the estate of Benjamin F. Tobin, deceased, filed a claim for refund with the Commissioner of Internal Revenue through the office of the then Collector of Internal Revenue at Detroit, Michigan, in which it demanded the refund of $142,055.88 covering additional income tax paid for the year 1917, which tax was assessed against the estate of Benjamin F. Tobin on August 17, 1923, in connection with the reorganization of the Continental Motors Company, in which company Benjamin F. Tobin was a stockholder.

Cornelia O. Curtis, the mother of Benjamin F. Tobin, was also a stockholder in the Continental Motors Company.

Cornelia O. Curtis died on April 28, 1921, and the plaintiff in this action was appointed as executor of her estate. The Commissioner of Internal Revenue had also assessed additional tax against the estate of Cornelia O. Curtis for the year 1917 in connection with the reorganization of the Continental Motors Company. For the purpose of testing the validity of the determination of the Commissioner of Internal Revenue of the additional tax arising out of the reorganization of the Continental Motors Company, the plaintiff in the instant case, as executor of the estate of Cornelia O. Curtis, filed suit in the District Court of the United States for the Eastern District of Michigan, Southern Division, against Fred L. Woodworth, Collector of Internal Revenue for the First District of Michigan, and in the said suit the plaintiff demanded judgment against the Collector on the same general grounds as were set forth in the claim for refund which the plaintiff had filed on October 8, 1923, on behalf of the estate of Benjamin F. Tobin. The U. S. District Court decided the suit against the Curtis Estate. The plaintiff then appealed the Curtis case to the U. S. Court of Appeals for the Sixth Circuit. The said Circuit Court of Appeals reversed the decision of the District Court and remanded the case "for further proceedings in accordance with this opinion." While the Curtis case was pending in the District Court awaiting a new trial, the suit was disposed of in April 1946, upon a refund of part of the additional tax collected from the estate of Cornelia O. Curtis arising out of the reorganization of the Continental Motors Company.

Prior to the settlement of the suit of the estate of Cornelia O. Curtis, the Commissioner of Internal Revenue had taken no action on the claim for refund filed by the plaintiff on October 8, 1923, on behalf of the estate of Benjamin F. Tobin, deceased. After the suit in the case of the estate of Cornelia O. Curtis had been settled, and on or about February 27, 1948, the plaintiff, as representative of the estate of Benjamin F. Tobin, filed an amended claim for refund with the Collector of Internal Revenue at Detroit, Michigan. In the said amended claim for refund plaintiff referred to the claim for refund filed on October 8, 1923, in which the Commissioner of Internal Revenue had taken no action, and in the amended claim the plaintiff did request the Commissioner of Internal Revenue to then act upon and allow the said claim for refund. In the said amended claim for refund filed by the plaintiff on or about February 27, 1948, the plaintiff advanced the same general reasons for the recovery of the additional tax of $142,055.88 for the year 1917 as were set forth in the claim for refund filed on October 8, 1923.

On July 27, 1951, the Commissioner of Internal Revenue forwarded to plaintiff a registered letter in which he advised the plaintiff of the rejection of its claim for refund of income tax in the amount of $142,055.88 for the year 1917.

Suit was filed by the plaintiff in this court on July 24, 1953, which was within two years from the date of the rejection of its claim for refund on July 27, 1951.

Defendant has filed answer denying the allegations contained in the petition, and has further asserted four affirmative defenses.

The case is submitted to this court on the motion of defendant, filed February 7, 1955, for judgment on the pleadings, wherein it is asserted that the action is barred by the six-year statute of limitations.[1]

Section 3772 of the Internal Revenue Code of 1939 [2] provides:

"§ 3772. Suits for refund—(a) Limitations—(1) Claim.

"No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been

1. 28 U.S.C. § 2501.

2. 26 U.S.C. § 3772 (1952 ed.).

collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

"(2) Time.

"No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of two years from the date of mailing by registered mail by the Commissioner to the taxpayer of a notice of the disallowance of the part of the claim to which such suit or proceeding relates.

This section of the law sets out the terms and conditions under which the Government has given its consent to be sued for the recovery of internal revenue tax alleged to have been erroneously or illegally assessed or collected and is not a statute of limitation within the meaning of 28 U.S.C. § 2501. Arnson v. Murphy, 109 U.S. 238, 3 S.Ct. 184, 27 L.Ed. 920; John F. Jelke Co. v. Smietanka, 7 Cir., 86 F.2d 470.

The U. S. Supreme Court, in the case of United States v. Michel, 282 U.S. 656, 658–659, 51 S.Ct. 284, 285, 75 L.Ed. 598, said:

"By this statute the United States waived its sovereign immunity from suit. The permission to sue is conditioned on the filing of a claim and the lapse of six months or the disallowance of the claim within that period, and is limited to not more than five years after payment of the tax *unless the claim has been disallowed and the action is commenced within two years from the disallowance.* [Italics supplied.]

\* \* \* \* \* \*

" \* \* \* By the terms of the statute the period within which the Government consented to be sued commenced at the expiration of such six months and continued uninterruptedly through the five-year period following the date of payment *and until 'two years after the disallowance.' "* [Italics supplied.]

The statute then in force was section 3226, 43 Stat. 343.[3] This statute was later amended and that part limiting suit to not more than five years after payment of the tax was deleted.

■ Consequently, the question in this case is whether plaintiff has complied with the conditions set out in section 3772, supra, and the six-year statute of limitation would have no application.

Clearly, the taxpayer had an option under either the statute in force at the time of the Michel decision, supra, or under the present code, section 3772, supra, to file suit at the expiration of six months from the date of filing a claim or to await rejection of the claim by the Commissioner of Internal Revenue. If the taxpayer elected to await the rejection, he had two years in which to sue after rejection. In the latter case the two-year limitation started to run immediately after rejection, whether within six months or not.

Thus, in the instant case, plaintiff's cause of action is based on a rejected

---

3. Prior to March 4, 1923, § 2, 42 Stat. 1504, section 3226 provided that suits for refund of Internal Revenue taxes had to be filed within five years after payment of the tax. By the Act of March 4, 1923, the law introduced an additional cutoff date for such suits, namely, two years after disallowance of the claim by the Commissioner of Internal Revenue. Senate Report 1137, 67th Congress, 4th session, in commenting on a substantially similar provision in the Senate version of that bill, on page 8 read as follows:

"This is a new section amending section 3226 of the Revised Statutes to permit bringing suits within two years after the disallowance of a claim, the statute of limitations not withstanding, and is recommended by the Treasury Department."

claim and accrued on the date of rejection. John F. Jelke Co. v. Smietanka, supra.

The claim for refund was rejected by the Commissioner of Internal Revenue on July 27, 1951. Plaintiff's petition was filed July 24, 1953, within two years of the date of rejection.

Plaintiff having exercised its option to sue within two years after rejection of the claim by the Commissioner of Internal Revenue, any delay in the settlement of the claim up to this date was caused by the action of the Commissioner in not rejecting the claim at an earlier date. Under the statute the claim could have been rejected by giving taxpayer notice by registered mail on the same day in which the claim was filed.

In the light of the foregoing there is no merit to the contention of the defendant. The six-year statute of limitations does not apply, and defendant's motion for judgment on the pleadings is denied.

It is so ordered.

JONES, Chief Judge, and MADDEN WHITAKER and LITTLETON, Judges, concur.