The UNITED IRON & METAL COMPANY, Plaintiff,

v.

Thomas M. CAREY, etc., Defendant.

Civ. No. 28613.

United States District Court
N. D. Ohio, E. D.

Oct. 4, 1955.

Albert B. Arbaugh, Canton, Ohio, for plaintiff.

Sumner Canary, U. S. Atty., Cleveland, Ohio, Eben H. Cockley, Asst. U. S. Atty., for defendant.

JONES, Chief Judge.

This action was commenced pursuant to 26 U.S.C. § 3772 (1946 ed.) to recover the sum of $29,286.66 " * * * on account of excess profits taxes for the calendar year 1943 erroneously and illegally exacted from the plaintiff by the defendant."

Defendant moves the court to dismiss the complaint arguing " * * * that the complaint in this action was filed on October 29, 1951, more than two years after February 17, 1949, the date upon which plaintiff's first claim for refund, which was filed on March 15, 1947, was partially disallowed, and therefore the complaint in this action was barred by Section 3772(a) (2, 3) of the Internal Revenue Code and, accordingly, the court lacks jurisdiction of this action."

The first and second refund claims filed by plaintiff were for " * * * unused excess profits tax credit for year 1945, and operating loss carry back, and possible refund of additional income and excess profits taxes for year 1943" etc. The object of this suit is the same.

 It is apparent, then, that the plaintiff did not, in its second refund claim, vary the grounds for recovery advanced in the first: that the filing of the second refund claim after the first had been formally disallowed did not enlarge the two year period in which to bring suit as set forth in Section 3772, supra (see B. Altman & Co. v. United States, Ct.Cl.1930, 40 F.2d 781, and that this action is based on the same grounds as the disallowed first claim.

Thus, the complaint in this action having been filed more than two years after formal disallowance of plaintiff's first refund claim, and said statute of limitations being jurisdictional, the motion to dismiss must be granted.