**Richard T. GALLION and Audrey R. Gallion, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 24352.**

United States Court of Appeals Fifth Circuit.

Feb. 13, 1968.

Roger L. Davis, Fort Lauderdale, Fla., for appellants.

William A. Meadows, Jr., U. S. Atty., Alfred E. Sapp, Asst. U. S. Atty., Miami, Fla., Mitchell Rogovin, Asst. Atty. Gen., Richard C. Pugh, Lee A. Jackson, David O. Walter, Robert H. Solomon, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before BROWN, Chief Judge, and COLEMAN and SIMPSON, Circuit Judges.

COLEMAN, Circuit Judge:

Section 6532 of the Internal Revenue Code of 1954 [as amended by Sec. 89(b), Technical Amendments Act of 1958, P. L. 85—866, 72 Stat. 1606] provides as follows:

"(a) Suits by Taxpayers for Refund.—

(1) General rule.—No suit or proceeding under section 7422(a) for the

recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary or his delegate renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary or his delegate to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."

■ The question presented by this appeal is: May a taxpayer commence a suit more than two years after notice of disallowance of his claim for refund has been mailed to him, even though the notice was sent directly to him rather than to his attorney, the person to whom he had, in a power of attorney, directed that the notice be sent?

The District Court decided the issue in the negative and we affirm.

Richard T. Gallion, the primary taxpayer, is a resident of Fort Lauderdale, Florida, and with his wife, Mrs. Audrey R. Gallion, timely filed joint income tax returns for the years 1957 and 1958 with the District Director of Internal Revenue at Jacksonville, Florida. Later, a revenue agent audited the taxpayer's books and records. This resulted in asserted deficiencies in income tax for the year 1957 amounting to $3,514.51 and for the year 1958 in the sum of $1,770.48. The asserted deficiencies were promptly paid.

On February 27, 1962, claims for refund were filed with the District Director of Internal Revenue. Simultaneously, the taxpayers filed a power of attorney in the usual form, but which concluded in the following language:

"And we hereby request and direct that all correspondence, documents, warrants or other data in connection with this matter, be sent in care of ROGER L. DAVIS, SUITE 202, SUNRISE PROFESSIONAL BUILDING, FORT LAUDERDALE, FLORIDA."

Mr. Davis was the attorney employed by Mr. Gallion to prepare and handle the applications for refund.

On October 22, 1962, the District Director of Internal Revenue mailed to the taxpayer two certified letters notifying him of disallowance of his claims for refund. The record shows beyond question that he received those letters and signed a certified mail receipt for them. It is equally beyond question that no copies of these letters were sent to or received by the attorney. When the notices of disallowance were received the taxpayers were not sick or hospitalized. Mr. Gallion laid the letters aside. When his discovery deposition was taken on April 6, 1966, he could not remember receiving the letters. His wife found them on February 15, 1965, and forwarded them to Attorney Davis.

On January 19, 1966, the taxpayers commenced this suit for refund of the taxes in question. The Government raised the affirmative defense that more than two years had elapsed since the disallowance of the claims for refund and that the District Court accordingly was without jurisdiction to entertain the suit. After a hearing, the District Court granted the Government's motion to dismiss.

Obviously, the District Director complied literally with the command of the statute, that is, by certified mail he sent notice of disallowance to the taxpayers. He did not send them in care of the attorney but the notices were, in fact, received. That receipt was not called to the attention of the attorney. When Mr. Gallion received the notices he was put on notice, or should have been, that his request as to where they should be sent was not being honored by the District Director. He did nothing. It was not until February 15, 1965, almost twenty eight months later, four months after the statutorily prescribed period for bringing suit had expired, that the wife found the notices in the file at the family home. The attorney was then informed and this suit was filed the following January.

It is equally obvious that the District Director had on file, and ignored or failed to comply with, the request that these notices be sent in care of the attorney. With some equity (if equitable considerations could be permitted to supplant the specific limitations of the statute) taxpayers earnestly insist that the failure of the Director to honor the power of attorney should not be allowed to deprive them of their remedy.

In this scrambled situation, in which all the parties, to some extent, failed to take action which might reasonably have been expected of them, is there any valid room for this Court, in effect, to amend the specific command of the statute by judicially adding the words "or other person designated by him" immediately following "taxpayer" in the next to the last line of the statute? We think not.

We begin our analysis by noting the specific command of the statute that the two year permissive period dates from the mailing of the notice of disallowance to the taxpayer. There is no reference to a mailing to someone else, even if so requested or directed. No officer or employee of the United States is authorized to waive or vary the requirements of the statute, Finn v. United States, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128 (1887). A fortiori the taxpayers could not "direct" that the notices be sent to someone else. As already pointed out, however, their request or direction was that the notices be sent to them, in care of the attorney. When they received the notices, sent to them directly, they got just what otherwise would have been relayed through the attorney.

Ritter v. United States, 3 Cir., 1928, 28 F.2d 265, involved the time limit for filing a claim (instead of filing suit) for refund of an overpayment of income taxes. An overpayment undoubtedly had been made. A field agent told the taxpayer of the overpayment and said that it would not be necessary to file a claim for refund. The refund, however, was not made and the taxpayer later filed suit. In affirming the dismissal of the suit, the Third Circuit said:

"There is no question but that the tax involved in this suit was an overpayment innocently made. In order to have it refunded, however, it was necessary that a claim be filed with the Commissioner of Internal Revenue within four years from the date of payment. It is unfortunate and to be regretted that the plaintiff finds himself in the position in which his negligence, misunderstanding, or the unauthorized statement of the field agent, Timberlake, places him, but the sovereign government may not be sued, except upon its consent, and then only upon the conditions under which it has consented to be sued, even though they be purely formal. [Cases cited.] One of these conditions in this case is that the claim for refund must have been filed with the Commissioner of Internal Revenue within four years after the time of payment of such tax."

■■ Time and again, in an abundance of cases, it has been held that the time within which a suit must be brought against the United States under the provisions of a federal statute is strictly a condition of the remedy given. The prescribed period after the disallowance of a claim within which suit must be brought is a substantive jurisdictional requirement which need not be specially pleaded, United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598 (1931); United States v. Chicago Golf Club, 7 Cir., 1936, 84 F.2d 914, 106 A.L.R. 209; Detroit Trust Co. v. United States, 130 F.Supp. 815, 131 Ct.Cl. 223 (1955); A. G. Reeves Steel Const. Co. v. Weiss, 6 Cir., 1941, 119 F.2d 472, cert. denied, 314 U.S. 677, 62 S.Ct. 181, 86 L.Ed. 541. See also, United States v. Garbutt Oil Co., 302 U.S. 528, 58 S.Ct. 320, 82 L.Ed. 405, 518 (1938); Tolerton & Warfield Co. v. United States, 285 F.2d 124, 152 Ct.Cl. 402 (1961); John F. Jelke Co. v. Smietanka, 7 Cir., 1936, 86 F.2d 470, cert. denied, 300 U.S. 669, 57 S.Ct. 511, 81 L.Ed. 876.

Similar rules have been strictly enforced against the United States. For example, Brafman v. United States, 5 Cir., 1967, 384 F.2d 863, in which it was held that the failure of an assessment officer to sign the assessment invalidated it.

Moreover, we agree with the holding in Delman v. Commissioner of Internal Revenue, 3 Cir., 1967, 384 F.2d 929, 932 [dealing with the mailing of a deficiency notice] that "The purpose of the notice * * * is to give the taxpayer notice". See, also, Goolsby v. Tomlinson, 246 F.Supp. 674 (S.D.Florida, 1965).

Mr. Gallion, the primary taxpayer, actually received the notices and signed for them on delivery. He had the benefit of exactly what the statute said he should receive. His inaction, his failure to notify his attorney could not frustrate the receipt of actual notice.

Under the facts of this case and in light of the considerations herein recited we are constrained to hold that the District Court was without jurisdiction to entertain this suit because it was not filed within the permissive period prescribed by the statute.

Affirmed.