John Roy CAMPBELL and Dorothy Joe Campbell, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. H–69–C–6.

United States District Court, W. D. Arkansas, Harrison Division.

Oct. 27, 1969.

William C. Myers, Jr., Webb City, Mo.. William S. Walker and Gene C. Campbell, Harrison, Ark., for plaintiffs.

Ben A. Douglas, Attorney in Charge, Tax Division, U. S. Department of Justice, Fort Worth, Tex., W. H. Dillahunty, U. S. Atty., Eastern District of Arkansas, Little Rock, Ark., for defendant.

Memorandum Opinion

HENLEY, District Judge.

This tax refund case involves the 1962 federal income tax liability of Mr. John Roy Campbell of Harrison, Arkansas, and Dorothy Joe Campbell, his wife. The cause is now before the Court on the Government's motion to dismiss the complaint on the ground that the action is barred by the two year limitations provision of 26 U.S.C.A. § 6532. Since the Court has considered material in addition to the complaint and exhibits thereto, the motion will be treated as one for summary judgment governed by Rule 56 of the Federal Rules of Civil Procedure.

In April 1963 Mr. and Mrs. Campbell filed a joint federal income tax return for 1962 and paid the tax shown on the return to be due. In computing their income and tax due thereon they treated gains from the sale of certain real estate as having been ordinary income.

On June 1, 1964, the taxpayers filed a claim for refund which was processed administratively by the Internal Revenue Service. In the proceedings before the Service the taxpayers were represented by Max Myers of Joplin, Missouri; he held a power of attorney from Mr. and

Mrs. Campbell, and that document specified that all notices from the Service should be mailed to Mr. Myers at his Joplin address.

In support of their claim taxpayers relied upon a particular theory as to how the gains from the sales of the property should have been treated for tax purposes. However, before the Service had evaluated that theory, it was abandoned by the taxpayers, and a new one was substituted for it, and the Service was advised of the substitution and took the new theory under consideration.

On October 11, 1966, still before any action had been taken by the Service on the original claim, an amended claim was filed setting out the second or substitute theory that has been mentioned.

On October 31, 1966, the original claim was denied, and from the record as a whole it is apparent that the denial involved an administrative rejection of the substituted theory. On the date just mentioned the Service mailed a notice of the disallowance of the claim filed on June 1, 1964. That notice was sent to the taxpayers, and no copy of it was mailed to Mr. Myers.

The second claim for refund was assigned to an Internal Revenue Agent other than the one who handled the first claim. The second claim was processed for a time before it was discovered that the first claim had been denied. As soon as that fact was discovered, a second notice of disallowance was mailed on May 19, 1967.

This suit was filed on May 16, 1969.

The Court finds the facts to be as before stated.

Insofar as here pertinent, section 6532 provides that a suit of this kind must be commenced within two years "from the date of mailing by certified mail or registered mail by the Secretary or his delegate to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."

It is evident that if the statute began to run in this case from the date of the 1966 notice of disallowance, the action is barred. It is equally manifest that if the limitations period did not begin to run until the mailing of the 1967 notice, the suit was timely filed.

It is the position of the plaintiffs that the mailing of the second notice amounted to a revocation or withdrawal of the first notice, and that the statute ran from the second notice. Plaintiffs assert further that the first notice was not mailed to their attorney as directed, and that they never received the first notice.

Taking up the second contention first, the Court rejects it in view of the language of the statute and in view of the holding in Gallion v. United States, 5 Cir., 389 F.2d 522. In that case the power of attorney specified that the notice should be mailed to the attorney; it was in fact mailed to the taxpayers who ignored it until after the statute had run. The Court said (p. 524 of 389 F.2d):

"We begin our analysis by noting the specific command of the statute that the two year permissive period dates from the mailing of the notice of a disallowance to the taxpayer. There is no reference to a mailing to someone else, even if so requested or directed. No officer or employee of the United States is authorized to waive or vary the requirements of the statute, Finn v. United States, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128. A fortiori the taxpayers could not 'direct' that the notices be sent to someone else. * * *

* * * * * *

"Time and again, in an abundance of the cases, it has been held that the time within which a suit must be brought against the United States under the provisions of a federal statute is strictly a condition of the remedy given. The prescribed period after the disallowance of a claim within which suit must be brought is a substantive jurisdictional requirement which need not be specifically pleaded. (Numerous citations omitted)"

It is true that in Gallion the taxpayers admittedly received the notice, but the

language of the Court makes it clear that it would have made no difference had they not received it. The fact of the actual receipt simply took out of the case any equitable appeal that taxpayers' contention might have possessed.

■ While it is asserted here on behalf of the Campbells that they did not receive the first notice, they have tendered no affidavit to that effect. The record contains proof of the mailing of the notice to them at their address on Highway No. 7, North, Harrison, Arkansas; and that proof raises an evidentiary presumption that the notice was received. That presumption has not been rebutted.

Nor, in the circumstances here present can the Court accept plaintiffs' contentions that the 1967 notice withdrew and superseded the original notice. The governing principles are familiar:

■ A taxpayer cannot avoid the bar of the statute by filing after the rejection of the original claim a new claim based on the same ground or theory and then filing suit within two years after rejection of the second claim. Union Bleachery v. United States, 4 Cir., 176 F.2d 517; 18th Street Leader Stores v. United States, 7 Cir., 142 F.2d 113; Einson-Freeman Co. v. Corwin, 2 Cir., 112 F.2d 683; Harvard Trust Co. v. United States, D.C.Mass., 262 F.Supp. 860; United Iron & Metal Co. v. Carey, D.C.Ohio, 137 F.Supp. 712.

■■ However, where a second claim is timely filed, and where it is a different claim from the first or based on another theory, the statute runs from the date of notice of rejection of the second claim. First National Pictures v. United States, Ct.Cl., 32 F.Supp. 138. And where the original notice of disallowance was irregular, and where it was withdrawn by the Commissioner and a new notice mailed, the statute runs from the date of the second mailing. Beardsley v. United States, D.C.Conn., 126 F.Supp. 775.

In this case the second claim was filed before the original rejection and served no purpose but to formalize the change of theory already expressed to the Service and under consideration by it. It was the second theory that was actually rejected. There was nothing irregular about the first notice, and it was never withdrawn administratively.

In its initial consideration of the case the Court raised the question of why the second notice was mailed. The second mailing has been explained satisfactorily by reference to the complexity of the Service's organization and to the tremendous volume of claims for refund that have to be investigated and processed.

■ It is clear to the Court that the second mailing was either inadvertent or was effected out of a superabundance of caution. And, the Court cannot accept the argument that the second notice revoked the first and started the statute running again. Fortunately, the amount of money involved is comparatively small, as amounts in tax cases go.

The motion will be granted, and the complaint will be dismissed.