**Dr. Clayton H. SMITH and Doris Jean Smith, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 72-3519**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

May 2, 1973.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Dougal C. Pope, Houston, Tex., for plaintiffs-appellants.

Michael D. Cropper, U. S. Dept. of Justice, Tex. Div., Dallas, Tex., Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., Donald E. Walter, U. S. Atty., Shreveport, La., for defendant-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

RONEY, Circuit Judge:

In this taxpayer refund suit, plaintiffs' complaint was dismissed by the District Court because it was not filed within the statutory period of limitations governing such suits. On appeal, taxpayers contend that the notices of disallowance were insufficient to start the running of the period of limitations. We disagree and affirm.

Taxpayers, husband and wife, timely filed joint federal income tax returns for the years 1948 through 1954 and for 1956. On November 23, 1965, following an audit of those returns, the Commissioner of Internal Revenue and taxpayers agreed, on a Treasury Form 870–AD, to an assessment and collection of deficiencies and penalties totaling $30,825.52. The taxpayers also agreed not to claim a refund for the years in question. This settlement was agreed to by the Commissioner on November 23, 1965, and the agreed amounts were paid.

Almost two years later, on November 13, 1967, taxpayers filed with the District Director of Internal Revenue timely claims for refunds totaling $30,825.52, plus interest. On March 18, 1968, notices of disallowance of the refund claims were sent to taxpayers by certified mail and were received by them. On April 10, 1970, two years and twenty-three days after the mailing of the notices, taxpayers filed their complaint in the District Court seeking a refund of the deficiencies and penalties collected by the Commissioner. The District Court dismissed the complaint for lack of jurisdiction, finding that taxpayers had failed to file suit within two years from the date of the mailing of the notice of disallowance, as required by the Internal Revenue Code. 26 U.S.C.A. § 6532(a)(1). From that ruling and dismissal, taxpayers appeal.

Under Section 6532(a)(1),

No suit or proceeding . . . for the recovery of any internal revenue tax, penalty, or other sum shall be begun . . . after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary or his delegate to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

Taxpayers concede that they received the notices of disallowance, but they argue that these notices were ineffective and incapable of beginning the running of the two-year period of limitations because

(1) the notices themselves were vague and indefinite,

(2) copies of the notices were not sent to taxpayers' "recognized representative" in accordance with a power of attorney filed with the Internal Revenue Service, and

(3) the Commissioner failed to send a "30-day letter" to taxpayers prior to issuing the notices of disallowance. We see no merit in any of these contentions. Taxpayers received the statutory notices of disallowance, failed to file their complaint within the prescribed two-year period, and are now barred from asserting those claims.

(1)

As to the sufficiency of the notices themselves, the purpose of a notice of disallowance is to provide the taxpayer with official notification of the Commissioner's adverse action. So long as the taxpayer receives adequate notice of the Commissioner's disallowance, no particular form of notice is necessary to start the running of the period of limitations. A. G. Reeves Steel Const. Co. v. Weiss, 119 F.2d 472 (6th Cir.), cert. de-

nied, 314 U.S. 677, 62 S.Ct. 181, 86 L. Ed. 541 (1941). In the case before us, taxpayers received adequate notice. A separate notice of disallowance was sent to taxpayers for each of the taxable years in question. Each notice clearly stated the tax year involved, the type of tax, the exact amount of the refund sought, and the disallowance. Taxpayers contend that the notices did not state the tax year involved with sufficient specificity, arguing that "Period Ending: 1948" should have stated "Period Ending: December 31, 1948." We cannot agree. Taxpayers reported their annual income as calculated on a calendar year basis, so no ambiguity whatsoever inhered in these notices.

(2)

■ As to taxpayers' contention that the notices were ineffective because copies were not sent to their "recognized representative" in accordance with a power of attorney filed with the Internal Revenue Service, we find that this Court's opinion in Gallion v. United States, 389 F.2d 522 (1968), is dispositive of the question. In *Gallion,* the taxpayer filed with the Internal Revenue Service a power of attorney requesting that all correspondence be sent to him in care of his attorney. Contrary to taxpayer's instructions, the Internal Revenue Service sent the notice of disallowance directly to him and not to his attorney. Affirming the District Court's dismissal of the taxpayer's refund suit filed more than two years after receipt of the disallowance notice, Judge Coleman wrote that there was no "valid room for this Court, in effect, to amend the specific command of the statute by judicially adding the words 'or other person designated by him' immediately following 'taxpayer' in the next to last line of the statute." 389 F.2d at 524. Taxpayers here received the disallowance notices, so they had the benefit of exactly what Section 6532(a)(1) provides.

Taxpayers argue that Section 601.506(a) of the Internal Revenue Service's Statement of Procedural Rules, 26 C.F.R. § 601.506(a), entitled them, as a matter of right, to have copies of all correspondence sent to their "recognized representative." They cite that portion of Section 601.506(a) that states: "Any notice or other written communication (or a copy thereof) required or permitted to be given to a taxpayer in any matter before the Revenue Service shall be given to the taxpayer's recognized representative." When read in its entirety, however, Section 601.506(a) plainly rejects taxpayers' contention by further providing that "In no event will failure to give notice or other written communication to a taxpayer's representative affect its validity which is to be determined solely under the provisions of the Internal Revenue Code."

(3)

■ Finally, taxpayers argue that the Commissioner's failure to send a "30-day letter" to them prevents the running of the two-year period of limitations. We hold otherwise. First, according to Section 601.105(d)(iv) of the Internal Revenue Service's Statement of Procedural Rules, 26 C.F.R. § 601.105(d)(iv), a "30-day letter" is sent out only in unagreed cases, to encourage settlements. Here, however, taxpayers had made a binding agreement on Form 870–AD, Gaynes v. United States, 454 F.2d 1142 (5th Cir. 1972), and, as an agreed case, a "30-day letter" was not required. Second, the provisions of the Statement of Procedural Rules are merely directory, and not mandatory. Rosenberg v. Commissioner, 450 F.2d 529 (10th Cir. 1971); Cleveland Trust Co. v. United States, 421 F.2d 475 (6th Cir.), cert. denied, 400 U.S. 819 (1970); Luhring v. Glotzbach, 304 F.2d 560 (4th Cir. 1962).

Since the complaint in this case was filed two years and twenty-three days after the mailing of the notice of disallowance, the District Court correctly dismissed the suit for failure to comply with Section 6532(a)(1).

Affirmed.