## MICHAEL SCHUMANN v. COMMISSIONER OF TAXATION.

253 N. W. 2d 130.

April 1, 1977—No. 46849.

478

*Warren Spannaus*, Attorney General, and *Thomas K. Overton*, Special Assistant Attorney General, for relator.

*Michael Schumann*, pro se, for respondent.

Heard before Todd, MacLaughlin, and Stahler, JJ., and considered and decided by the court en banc.

THOMAS J. STAHLER, JUSTICE.*

The commissioner of revenue seeks review of a decision of the Tax Court (now the Tax Court of Appeals) awarding petitioner a rent credit on his 1973 Minnesota income tax return.

Michael Schumann (petitioner), David Neuman, Jr., and another shared a rented apartment during 1973, each paying a portion of the rent directly to their landlord. Petitioner and Neuman could not agree who should receive the rent credit for the year 1973 allowed by Minn. St. 290.981 to 290.992. Following directions on the rent credit form, tax returns for both were mailed in the same envelope with a note stating that they could not agree who should receive the credit. The commissioner initially awarded Neuman the credit because he had obtained a "certification of rent paid" form from his landlord. The Tax Court reversed and ordered the commissioner to conduct a hearing. After the hearing, the commissioner found that the cotenants had agreed Neuman should receive the credit and that petitioner repudiated the agreement in order to set up a constitutional challenge to the rent credit statute. The commissioner accordingly awarded Neuman the credit. The Tax Court again reversed, holding that each should receive a $120 credit. The court accepted petitioner's argument that to deny a qualified claimant the credit would be unconstitutional. It therefore read the statute to permit each cotenant to claim the credit.

The relevant statutory sections provide:

"There shall be allowed to each individual claimant defined in section 290.982 a credit in the amount provided in section 290.983 * * *." Minn. St. 290.981.

"Claimant means a person who has filed a claim under sections 290.981 to 290.992, who was domiciled in this state during the entire calendar year preceding the year in which he files claim for relief, who resided in a rented or leased unit on which ad valorem taxes are accrued, for not less than six months of the

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

calendar year covered by the claim. When a unit is occupied by two or more individuals and more than one such individual is able to qualify as a claimant, such individuals may determine between them as to who the claimant shall be, and all amounts paid for the unit during the selected claimant's occupancy shall be considered as paid by him. If they are unable to agree, the matter shall be referred to the commissioner of revenue and his decision shall be final."[1] Minn. St. 290.982.

Minn. St. 290.983 prescribes the manner of computing the credit and states that "[t]he credit shall not exceed $120 in any taxable year." The statute does not explicitly state that the credit is limited to $120 per rented or leased unit. However, that appears to be its intent. By providing that where two or more qualified claimants live in the same unit, they may agree who is to get the credit, the inference that only one credit per rental unit be allowed is inescapable. Petitioner concedes that this was indeed the legislative intent, but argues that the statute so construed is unconstitutional.

Petitioner's constitutional objection is two-fold. First, he argues that the legislature cannot, consistent with Minn. Const. art. 1, § 2, and art. 10, § 1,[2] limit the rent credit to $120 per rental unit without regard to the number of qualified claimants occupying the unit. Article 1, § 2, and art. 10, § 1, of the State Constitution, impose no greater restriction on legislative power to establish classifications than the Fourteenth Amendment to the Federal Constitution. Elwell v. County of Hennepin, 301 Minn. 63, 221 N. W. 2d 538 (1974); In re Taxes on Property of Cold Spring Granite Co. 271 Minn. 460, 136 N. W. 2d 782 (1965). In Cold Spring Granite, we stated:

"The propriety of classification for the purpose of legislation is primarily for the legislature. Laws passed by the legislature

_____

[1] The rent credit has been superseded by the "income-adjusted homestead credit." See, Minn. St. 290A.21.

[2] Article 9, § 1, of the constitution prior to the amendment adopted November 5, 1974.

are presumed to be valid, so we assume that the legislature makes inquiry and rightly determines the propriety of the classification which it adopts. This court will not disturb the legislative determination unless the classification is clearly arbitrary and has no reasonable basis." 271 Minn. 466, 136 N. W. 2d 787.

We do not think a classification based on rental unit is unreasonable. The statute was intended to afford renters some form of tax relief corresponding to the homestead credit and other benefits given homeowners. Homestead credits are independent of the number of occupants, so it is not unreasonable that the rent credit not depend on the number of qualified claimants occupying a unit.[3] In that the legislature intended to limit the credit to $120 per rental unit and such a purpose is not unconstitutional, the Tax Court's decision awarding petitioner and Neuman each a $120 credit is erroneous.

There remains the question of how the credit should be allocated. Petitioner's second constitutional argument is that the statute unconstitutionally favors one qualified claimant over another. As petitioner reads the statute, when two or more qualified claimants residing in the same rental unit cannot agree who shall receive the credit, the commissioner of revenue must choose one of them and award the entire credit to him. Petitioner claims that this denies equal protection where each claimant pays a pro rata share of the rent directly to the landlord. If petitioner's interpretation is correct, the statute would appear to encounter serious constitutional difficulties. However, the statute does not explicitly say the commissioner must award the entire credit to one of the claimants. Instead, it provides that if the cotenants are unable to agree who shall receive the credit, "the matter shall be referred to the commissioner of revenue and his decision shall be final." § 290.982. We believe the language is ambiguous. Where a statute is ambiguous, the construction that will avoid constitutional conflict is to be preferred, even though it is less

[3] Minn. St. 273.13.

natural. Head v. Special School Dist. No. 1, 288 Minn. 496, 182 N. W. 2d 887 (1970), certiorari denied sub nom. Minneapolis Federation of Teachers, Local No. 59, v. Spannaus, 404 U. S. 886, 92 S. Ct. 196, 30 L. ed. 2d 168 (1971). Accordingly, we hold that where two or more qualified claimants each pay a portion of the rent, the commissioner may divide the credit.

Petitioner also argues that the statute is an unconstitutional delegation of legislative power to the commissioner. The authority to award a rent credit on a case-by-case basis is in the nature of judicial power. The proper inquiry is therefore whether the procedure established offends due process. The statute does not establish any particular rules of procedure for the commissioner to follow, but by implication it requires the commissioner to conduct an evidentiary hearing, as was done in this case. The commissioner's decision is subject to review by the Tax Court. § 290.989. We believe this procedure comports with due process.

The commissioner, after hearing evidence, determined that petitioner and Neuman had agreed Neuman was to claim the credit. Petitioner does not challenge the correctness of this finding on appeal, and we accordingly accept it. Since petitioner agreed to let Neuman claim the credit, the commissioner properly denied petitioner's claim for a refund. The decision of the Tax Court is therefore reversed with directions to affirm the decision of the commissioner.

Reversed.