**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

A. EUGENE MILLER,
<u>Plaintiff-Appellant,</u>

v.                                                                                  No. 96-2787

UNITED STATES OF AMERICA,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Walter E. Black, Jr., Senior District Judge.
(CA-96-716-B)

Submitted: June 30, 1997

Decided: July 11, 1997

Before MURNAGHAN and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David W. Brown, Norman G. Knopf, KNOPF & BROWN, Washing-
ton, D.C., for Appellant. Loretta C. Argrett, Assistant Attorney Gen-
eral, Richard Farber, Paula K. Speck, Lynne A. Battaglia, United
States Attorney, Tax Division, UNITED STATES DEPARTMENT
OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Miller appeals from the district court's order dismissing his tax refund suit for lack of subject matter jurisdiction because he failed to file his suit within the two-year statute of limitations provided by I.R.C. § 6532(a).* We affirm.

In February 1990, Miller received a lump-sum distribution from his tax sheltered annuity (TSA) in the amount of $168,028.40. He did not roll over any part of the distribution into an Individual Retirement Account (IRA). See I.R.C. § 403(a). In April 1991, after learning that the distribution did not qualify for ten-year averaging, Miller paid the income taxes due for 1990 on the entire distribution. In November 1991, Miller filed an amended 1990 income tax return (Form 1040X) along with a six-page letter requesting a refund of the taxes paid so that he could roll over the distribution to his IRA.

The Director of the IRS's Philadelphia Service Center sent Miller a certified letter, dated January 13, 1992, notifying him that his claim was disallowed and stating, "If you want to bring suit to recover tax, penalties, or other amounts, you may do so by filing with the United States District Court . . . . The law permits you to do this within two years from the mailing date of this letter." Miller wrote back to the IRS reiterating his contention that he should be allowed to roll over the distribution and requested a meeting with IRS officials. The IRS wrote back to Miller on February 21, 1992, inviting him to call the Philadelphia office or the local IRS office if he had any further questions, and reminding Miller that, "As stated in our previous letter, you may bring suit in a United States District Court or a United States Claims Court." Miller and the IRS continued a series of letter

_____

*All section references are to the Internal Revenue Code as amended and in effect for the tax year at issue.

2

exchanges throughout 1992 and 1993, along with a letter ruling request filed by Miller's attorney in January 1995. The IRS responded to the letter ruling request with a letter dated April 25, 1995, stating that the 60-day rollover period did apply to Miller's TSA distribution (see I.R.C. §§ 402(a)(5)(C), 403(a)(4)(B)); that the IRS had no statutory discretion to extend the 60-day time period; and that Miller's TSA distribution was not eligible for ten-year averaging.

After another meeting with IRS officials, the Assistant Commissioner for Employee Plans and Exempt Organizations sent Miller's attorney a letter dated November 2, 1995, stating:"Counsel advises that I have no legal authority to grant or deny your claim after the expiration of a two year period following the notice of disallowance (See section 6532 of the Internal Revenue Code)." Miller filed a suit for refund of taxes on March 8, 1996. The district court dismissed the suit for lack of subject matter jurisdiction under I.R.C. § 6532(a) because it was not filed within two years of the notice of disallowance. Miller appeals.

A taxpayer must bring a suit for a refund within two years from the mailing date of the notice of disallowance of a refund claim. I.R.C. § 6532(a)(1). Except in limited circumstances not present here, compliance with the time provisions of § 6532(a) are jurisdictional. See Webb v. United States, 66 F.3d 691 (4th Cir. 1995) (equitable tolling principles do not apply to tax refund suits), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3584 (U.S. Feb. 24, 1997) (No. 95-1360). Once the IRS mails a notice of disallowance, "any consideration, reconsideration, or action by the Secretary" with respect to the taxpayer's claim for a refund does not toll the running of the two-year statute of limitations. I.R.C. § 6532(a)(4). Rather, an extension of the limitations period must be agreed to in writing between the taxpayer and the IRS. I.R.C. § 6532(a)(2). It is undisputed that Miller never entered into a written agreement with the IRS to extend the two-year period.

Miller maintains, first, that the January 13, 1992, letter was insufficient to trigger the limitations period because it did not properly address each of the arguments in his refund claim. Our review of the record discloses that this claim is without merit. The notice sent to Miller was unambiguous in informing him of the Commissioner's disallowance of his refund claim--the tax year, type of tax, and amount

3

of refund claimed were all identified, and the letter included a brief explanation of the reasons for disallowance. See Smith v. United States, 478 F.2d 398, 399 (5th Cir. 1973) ("So long as the taxpayer receives adequate notice of the Commissioner's disallowance, no particular form of notice is necessary to start the running of the period of limitations.").

Next, Miller claims that the Commissioner's failure to send him a "Thirty-Day Letter," as recommended by the Internal Revenue Manual, rendered his notice of disallowance ineffective. However, it is well-settled that Internal Revenue Manual provisions do not confer procedural or substantive rights upon taxpayers. See United States v. Caceres, 440 U.S. 741, 752-53 (1979); Smith v. United States, 478 F.2d at 400. Therefore, this claim fails as well.

Accordingly, we affirm the district court's order dismissing Miller's suit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4