**KLEIN BANCORPORATION, INC., et al., (C4–98–19), Rural American Bank—Ada (f/k/a/ First Bank of Ada), et al., (C8–98–41), Respondents,**

v.

**COMMISSIONER OF REVENUE, Appellant.**

Nos. C4–98–19, C8–98–41.

Court of Appeals of Minnesota.

July 14, 1998.

Review Denied Sept. 22, 1998.

---

10. *Pacyga v. FMC Corp.,* —— Minn. Workers' Comp. Dec. —— (1998), slip op. at 12.

11. *Id.* at 13.

Jerome A. Geis, Michael J. Kane, Philip R. Schenkenberg, Briggs & Morgan, P.A., St. Paul, for respondents Klein Bancorporation, Inc., et al.

James P. McCarthy, Christopher H. Yetka, Lindquist & Vennum P.L.L.P., Minneapolis, for respondents Rural American Bank–ADA, et al.

Hubert H. Humphrey III, Attorney General, Linda F. Close, Assistant Attorney General, Tax Litigation Division, St. Paul, for appellant.

## OPINION

SHORT, Judge.

In a refund action involving unconstitutionally collected taxes, the Commissioner of Revenue argues the statute of limitations bars the taxpayers' claims. The parties stipulated to the facts and tried their disputes to the court. In granting summary judgment in favor of the taxpayers, the trial court concluded the taxpayers presented valid refund claims, and the commissioner had a duty to examine returns and pay those claims. In this consolidated appeal, the commissioner argues: (1) the taxpayers' failure to sue or extend the statute of limitations bars their refund claims; (2) the letters and notices sent to the taxpayers do not constitute "orders of denial" that would revive expired claims; and (3) he has no duty to examine returns and pay refunds.

## FACTS

Until July 1, 1983, Minnesota law required corporations, including banks, to include in

their "gross income" interest received on obligations of the United States, and permitted them to exclude from "gross income" interest received on certain obligations of agencies, instrumentalities, and political subdivisions of Minnesota. In August 1984, based on the United States Supreme Court's ruling in *Memphis Bank & Trust Co. v. Garner,* 459 U.S. 392, 103 S.Ct. 692, 74 L.Ed.2d 562 (1983), which held a similar Tennessee law unconstitutional, several Minnesota banks commenced refund actions for taxes collected by the state from 1979 to 1983. During the pendency of the Minnesota litigation, the commissioner did not review the merits of taxpayers' refund claims, and deferred action on such claims for refund, including those of the named parties, Klein Bancorporation, Inc. and Rural American Bank—Ada. In April 1994, the Minnesota Supreme Court held the banks were owed tax refunds. *Cambridge State Bank v. James,* 514 N.W.2d 565, 572 (Minn.1994).

Following the final decision in the *Cambridge* litigation, the commissioner issued letters in June and July of 1995 to the Rural American Bank plaintiffs and to the Klein Group plaintiffs respectively. Those letters informed the parties that the statute of limitations had expired on certain refund claims. The letters to the Klein Group plaintiffs, which are the same in all material aspects as those received by the Rural American Bank plaintiffs, stated:

> Based on my review of your file and returns, it appears that the statute of limitations contained in either M.S. 290.50, 290.56, 289A.38, or 289.50 for your claims has expired. If there is any factual or legal reason that is not contained in our file or that we are otherwise unaware of that would keep your claim open, please notify me within 30 days.
>
> Please state the reason that your claim remains open under the statute of limitations or waivers of the statute of limitations and include copies of any documentation. There will be no further correspondence if you do not respond.

From receipt of those letters through October 17, 1996, the Klein Group plaintiffs communicated with audit representatives of the commissioner, and submitted records and documents regarding their pending refund claims. Through these communications, the commissioner's audit representatives computed the amounts of refunds. On or around October 17, 1996, each Klein Group plaintiff received a "Notice of Change in Your Tax,"[1] which stated the amount of refund paid for specific years. For some years a refund was paid, and for other years no refund was due. For all years in which no refund was to be sent, the audit reports attached to the notices indicated the claim would not be paid because the statute of limitations had expired. For all such years, the commissioner calculated the tax amounts that would have been refundable under *Cambridge,* but for the commissioner's assertion that the statute of limitations had expired. The taxpayer banks brought this action to collect on the unpaid refund claims within 18 months of the receipt of the June and July 1995 letters.

## ISSUES

I.  Does Minn.Stat. § 289A.50, subd. 7 bar the taxpayers' refund claims?

II.  Does the commissioner have a duty to examine returns and pay refund claims?

## ANALYSIS

On appeal from summary judgment, we determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. Minn. R. Civ. P. 56.03; *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). Where a case is decided on stipulated facts, the only issue on appeal is whether the trial court erred in its application of the law. *Reads Landing Campers Ass'n v. Township of Pepin,* 546 N.W.2d 10, 13 (Minn.1996). Statutory construction presents a question of law, which we review de novo. *St. Otto's Home v. State, Dep't of Human Servs.,* 437 N.W.2d 35, 39–

---

1.  Based on the factual stipulation, the Rural American Bank plaintiffs did not receive such notices from the commissioner.

40 (Minn.1989) (requiring de novo review of agency decisions involving questions of law); *Arvig Tel. Co. v. Northwestern Bell Tel. Co.,* 270 N.W.2d 111, 114 (Minn.1978) (noting statutory interpretation presents legal issue).

## I.

■ Our function in interpreting statutes is to ascertain and effectuate legislative intent. Minn.Stat. § 645.16 (1996); *State ex rel. Graham v. Klumpp,* 536 N.W.2d 613, 615 (Minn.1995). When a statute is free from ambiguity, we look only at its plain language. Minn.Stat. § 645.16; *Tuma v. Commissioner of Econ. Sec.,* 386 N.W.2d 702, 706 (Minn. 1986). We presume plain and unambiguous statutory language manifests legislative intent. *Lenz v. Coon Creek Watershed Dist.,* 278 Minn. 1, 9, 153 N.W.2d 209, 216 (1967). We are asked to determine whether the taxpayers' actions to retrieve unconstitutionally collected taxes are barred by the statute of limitations.

■ The obligation to pay taxes is a purely statutory creation, and taxes can be levied, assessed, and collected only in the method expressly established by statute. *State v. Bies,* 258 Minn. 139, 146, 103 N.W.2d 228, 234 (1960). The legislature has the power to fix conditions under which taxes should be assessed and enforced, and compliance with those conditions is "essential if the remedy is not to be lost and the rights are not to cease to exist." *Id.* at 149, 103 N.W.2d at 236.

Minn.Stat. § 289A.50, subd. 7 provides, in relevant part:

(a) If the taxpayer is notified by the commissioner that the refund claim is *denied* in whole or in part, the taxpayer *may:*

(1) file an administrative appeal as provided in section 289A.65, or an appeal with the tax court, within 60 days after issuance of the commissioner's notice of denial; or

(2) file an action in the district court to recover the refund.

(b) An action in the district court on a *denied claim* for refund must be brought within 18 months of the date of the denial of the claim by the commissioner.

(c) No action in the district court or the tax court shall be brought within six months of the filing of the refund claim unless the commissioner denies the claim within that period.

(d) If a taxpayer files a claim for refund and the *commissioner has not issued a denial of the claim,* the taxpayer *may* bring an action in the district court or the tax court at any time after the expiration of six months of the time the claim was filed, but within four years of the date that the claim was filed.

(e) The commissioner and the taxpayer may agree to extend the period for bringing an action in the district court.

Minn.Stat. § 289A.50, subd. 7 (1996) (emphasis added).

■ The commissioner argues that the taxpayers, in failing to sue or extend the statute of limitations on undenied claims during the *Cambridge* litigation, lost their right to a refund of unconstitutionally collected taxes. *Cf. Westinghouse Elec. Corp. v. Commissioner of Revenue,* 398 N.W.2d 530, 534 (Minn.1986) (concluding taxpayers failed to undertake some formal action making it clear that refund was sought because neither protest letter nor prior appeal constituted "claim for refund"). However, when interpreting statutory language

[i]t is * * * well established that the words "may" and "shall", when used in statutes, ordinarily are not to be construed as interchangeable but are to be given their literal meanings unless a contrary legislative intent appears.

*Agassiz & Odessa Mut. Fire Ins. Co. v. Magnusson,* 272 Minn. 156, 165, 136 N.W.2d 861, 868 (1965).

■ The plain language of Minn.Stat. § 289A.50, subd. 7 provides two alternatives for taxpayers with undenied refund claims. First, if the commissioner fails to rule on a claim within six months of the filed claim, the taxpayers may bring an action for the refund. Minn.Stat. § 289A.50, subd. 7(d); *see also* Minn.Stat. § 645.44, subd. 15 (1996) (stating word "may" is permissive). Such an action must be taken within four years after the date the claim was filed. Minn.Stat.

§ 289A.50, subd. 7(d). And second, under the permissive language of Minn.Stat. § 289A.50, subd. 7(d), the taxpayers may await the commissioner's ruling before seeking judicial redress. If we were to adopt the commissioner's reasoning, a taxpayer must take action on an undenied claim within four years of filing the claim regardless of the commissioner's action on that claim. If the legislature had intended to foreclose the taxpayer's ability to await the commissioner's decision, it would have adopted relevant, unambiguous language. *See* Minn.Stat. § 645.16 (providing purpose of statutory interpretation is to ascertain and effectuate intentions of legislature and will not disregard clear words of law); *see also* William N. Eskridge, Jr. & Philip P. Frickey, *Cases and Materials on Legislation Statutes and the Creation of Public Policy* 638–39 (2d ed.1995) (explaining textual canon of expressio unius that provides legislature had no intent to include those things not embraced by statutory language).

We note statutes in other states provide the commissioner's failure to act on a claim within a certain time period would be deemed a denial. In those states, the taxpayer is forced to act within the statutory period applied to denied claims. *Cf.* ARIZ. REV.STAT. ANN. § 42–130(B) (West 1990) (stating if department fails to notify taxpayer within six months, can consider claim denied); ME.REV.STAT. ANN. tit. 36, § 5282 (West 1990) (providing circumstances under which refund claim deemed disallowed); MD. CODE ANN., TAX-GEN § 13–510(b)(1) (1988) (stating refund claim treated as disallowed if no action taken within six months); 72 PA. CONS.STAT. ANN. § 7254 (West 1990) (stating failure to notify taxpayer of decision on claim within six months constitutes denial); TENN. CODE ANN. § 67–1–1802(b)(2) (1994) (stating if claim not determined within six months, deemed denied). However, in the absence of this or similar language mandating taxpayer

action to preserve rights in an undenied claim, we decline to judicially amend the statute to support the commissioner's interpretation. *Ullom v. Independent Sch. Dist. No. 112*, 515 N.W.2d 615, 617 (Minn.App. 1994) (holding courts prohibited from adding words to a statute and cannot supply what legislature either purposely omitted or inadvertently overlooked); *see also Phelps v. Commonwealth Land Title Ins. Co.*, 537 N.W.2d 271, 274 (Minn.1995) (holding where intention of legislature clearly manifested by plain unambiguous language, no construction necessary or permitted).

Our interpretation of Minn.Stat. § 289A.50, subd. 7, is reasonable and consistent with federal law. *See* Minn.Stat. § 645.08(1) (1996) (requiring statutory interpretation according to common and approved usage of words). Under federal law,

> No suit or proceeding * * * for the recovery of any internal revenue tax * * * shall be begun before the expiration of 6 months from the date of filing the claim required * * * unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1) (1994). This federal statute provides a taxpayer with the option of filing suit at the expiration of six months from the date of filing the refund claim with the IRS or awaiting rejection by the IRS. Limitation Periods, Interest on Underpayments, and Overpayments, and Mitigation, TAX MANAGEMENT (BNA) No. 627, at A–33 (Jan. 6, 1997); *see Detroit Trust Co. v. United States*, 131 Ct.Cl. 223, 130 F.Supp. 815, 817–18 (1955) (holding, under language similar to current 26 U.S.C. § 6532(a)(1)[2], taxpayer had option to file suit at expiration of six months from date of filing claim or to

---

**2.** The statutory language in effect in *Detroit Trust* provided, in pertinent part:
> No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of two years from

the date of mailing by registered mail by the Commissioner to the taxpayer of a notice of the disallowance of the part of the claim to which such suit or proceeding relates.
*Detroit Trust Co.*, 130 F.Supp. at 816 (quoting 26 U.S.C. § 3772(a)(2) (1952)).

await rejection by commissioner, and if taxpayer elected to wait for rejection he had two years in which to sue after rejection); *see generally* Arthur W. Andrews, *Modern–Day Equitable* Recoupment and the "Two Tax Effect:" Avoidance of the Statutes of Limitation in Federal Tax Controversies, 28 Ariz. L.Rev. 595, 597 n.14 (1987) (noting taxpayer's statutory waiver of Service's denial of claim will start running of two-year period after which claim barred, and in absence of this waiver, failure of government to act on claim results in statutory period for filing suit to remain open). To otherwise interpret the statute would place an impermissible burden on a taxpayer to commence suit against the commissioner, when such suit may, in fact, not be necessary.

We need not engage in an examination of legislative intent because we conclude the statute is clear on its face. *See* Minn.Stat. § 645.16 (enumerating factors to consider in discerning legislative intent when words of law are not explicit); *see also* William N. Eskridge, Jr. & Philip P. Frickey, *Statutory Interpretation as Practical Reasoning,* 42 Stan. L.Rev. 321, 354 (1990) (noting statutory interpretation must be attentive to text because statutory text is all that is enacted into law). Even if we were to conclude the statute is ambiguous, our decision would not change because any ambiguity must be resolved in favor of the taxpayers. *See Dumont v. Commissioner of Taxation,* 278 Minn. 312, 317, 154 N.W.2d 196, 200 (1967) (holding if statute ambiguous court must resolve ambiguity in favor of taxpayer).

■ The commissioner also argues his correspondence with the taxpayers does not constitute "orders of denial" sufficient to "revive" the taxpayers' refund claims. *See* Minn.Stat. § 289A.50, subd. 7(b) (providing taxpayer must commence action on denied claim for refund within 18 months of the date of denial). We disagree. Because the taxpayers chose to await the commissioner's decision on their refund claims, those claims remained "alive" for statute of limitations purposes until 18 months after the commissioner denied them. It is undisputed those letters informed the taxpayers that: (1) the commissioner concluded the statute of limitations had run on their refund claims; (2) they should provide the commissioner with notice and documentation of any factual or legal reason that would otherwise keep the claims open; and (3) there would be no further correspondence from the commissioner without a response from the taxpayers. Under these circumstances, the letters constituted denials of the claims causing the 18–month statute of limitations, pursuant to Minn.Stat. § 289A.50, subd. 7(b), to apply, and the taxpayers were permitted to seek judicial redress within that time period.

## II.

■ The commissioner further argues he has no duty to examine returns and pay refund claims because the legislature has only "directed," not mandated, him to determine and make refunds. After reviewing relevant statutory provisions, we find no evidence that the legislature amended the statute with the intent of relieving the commissioner of an affirmative duty to rule on refunds. Prior to 1990, Minnesota statutes contained a general statement of the commissioner's duties regarding taxpayer returns. That statute provided:

> The commissioner *shall, as soon as practicable* after the return is filed, examine the same and make any investigation or examination of the taxpayer's records and accounts that the commissioner may deem necessary for determining the correctness of the return.
>
> \* \* \* \* \* \*
>
> If the amount of the tax found due by the commissioner shall be less than that reported as due on the taxpayer's return, the excess *shall* be refunded to the taxpayer.
> \* \* \*

Minn.Stat. § 290.46 (1986) (repealed 1990) (emphasis added); *see also* Minn.Stat. § 645.44, subd. 16 (1996) (stating word "shall" is mandatory). Under the most recent codification, the commissioner's duties have been further clarified. Minn.Stat. § 289A.50, subd. 4 provides:

> The commissioner *shall* determine the amount of refund, if any, that is due, *and notify* the taxpayer of the determination *as*

*soon as practicable* after a claim has been filed.

Minn.Stat. § 289A.50, subd. 4 (1996) (emphasis added); *see also* Minn.Stat. § 645.44, subd. 16 (stating word "shall" is mandatory); *see, e.g., F–D Oil Co. v. Commissioner of Revenue,* 560 N.W.2d 701, 707 (Minn.1997) (holding Chapter 289A applies to income taxes administered by commissioner and Minn. Stat. § 289A.35 (1996) makes commissioner responsible for examining returns and making investigations). The current statutes provide a taxpayer, who has paid an excess amount of taxes and has filed written claims for refund, with a right to that refund. Minn.Stat. § 289A.50 provides:

> **Subdivision 1. General right to refund.** (a) Subject to the requirements of this section and section 289A.40, a taxpayer who has paid a tax in excess of the taxes lawfully due and who files a written claim for refund *will* be refunded or credited the overpayment of the tax determined by the commissioner to be erroneously paid.
>
> \*   \*   \*   \*   \*   \*
>
> (c) When, in the course of an examination, and within the time for requesting a refund, the commissioner determines that there has been an overpayment of tax, the commissioner *shall refund* or credit the overpayment to the taxpayer and no demand is necessary. If the overpayment exceeds $1, the amount of the overpayment *must* be refunded to the taxpayer. If the amount of the overpayment is less than $1, the commissioner is not required to refund. In these situations, the commissioner does not have to make written findings or serve notice by mail to the taxpayer.
>
> \*   \*   \*   \*   \*   \*

> **Subd. 8. Mistake discovered by commissioner.** If money has been erroneously collected from a taxpayer or other person, the commissioner *shall,* within the period named in section 289A.40 for filing a claim for refund, and subject to the provisions of section 270.07, subdivision 5, chapter 270A, and this section, grant a refund to that taxpayer or other person.

Minn.Stat. § 289A.50, subds. 1, 8 (1996) (emphasis added); *see also* Minn.Stat. § 645.44, subd. 16 (stating word "shall" is mandatory).

The commissioner's arguments that he had no duty to examine returns or pay refund claims is contrary to these statutory provisions.

The taxpayers suggest *State ex rel. Northwest Airlines, Inc. v. Minnesota Tax Commission,* 208 Minn. 195, 293 N.W. 243 (1940), provides precedential support for the proposition that the commissioner has a duty to order a refund. Although we acknowledge that case offers historical support for our analysis because it further demonstrates the long-held duty of the commissioner to examine and rule on taxpayer claims, we rest our opinion on current statutory framework.

Furthermore, the commissioner's two-pronged position that he has no duty to examine and rule on returns, and that a taxpayer's refund claim becomes stale without action within four years from the date of filing, raises due process concerns. If we were to adopt that interpretation, the commissioner could fail to take action on a claim within the four-year period, deny that claim after the expiration of the four years, and then defend the action based solely on the statute of limitations. *See Juster Bros. v. Christgau,* 214 Minn. 108, 118–19, 7 N.W.2d 501, 507 (1943) (holding statute cannot confer upon administrative body exemption from due process clause); *see, e.g., Schumann v. Commissioner of Taxation,* 312 Minn. 477, 482, 253 N.W.2d 130, 133 (1977) (holding commissioner's authority to award rent credit on case-by-case basis is in nature of judicial power, and proper inquiry is whether procedure established offends due process). We decline to interpret these statutes to reward the commissioner for failure to comply with a statutorily mandated duty to act upon taxpayers' validly filed refund claims.

## DECISION

The taxpayers' refund claims arising from unconstitutionally collected taxes are not barred by the statute of limitations when they are brought within 18 months of the commissioner's denial notification.

**Affirmed.**