In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3335

NEW HOPE SERVICES, INCORPORATED,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Indiana, New Albany Division.
No. 96 C 116--David F. Hamilton, Judge.

ARGUED MARCH 29, 2001--DECIDED APRIL 1, 2002

   Before EASTERBROOK, ROVNER, and DIANE P.
WOOD, Circuit Judges.

   ROVNER, Circuit Judge.  New Hope Services
is a non-profit organization dedicated to
providing rehabilitation and therapeutic
services to persons with developmental
disabilities, mental retardation, and
chronic mental illness. In 1996, New Hope
filed a complaint in district court
seeking the refund of employment taxes
paid with respect to its clients for
their work in its sheltered workshops as
part of its program to prepare them for
regular employment. The IRS eventually
conceded the case on the merits, and the
parties filed a Stipulation for Dismissal
and Entry of Judgment providing that New
Hope was entitled to a refund in the
amount of $204,593.32 plus interest, and
reserving to New Hope the right to file a
motion for attorneys' fees and costs. New
Hope then sought attorneys' fees totaling
$56,657.54 pursuant to 26 U.S.C. sec.
7430. Under sec. 7430, New Hope is
entitled to a fee award if : (1) it is a
prevailing party; (2) the claim is
reasonable; (3) it did not unreasonably
protract the proceeding; and (4) it
exhausted all administrative remedies.
The United States concedes that the first
three criteria are satisfied and argues
only that New Hope failed to exhaust its
administrative remedies. The district
court held that New Hope had failed to

exhaust its administrative remedies because it knew that the IRS had been evaluating its claim and therefore it needed to take some further step before proceeding to court. The court held that "[a] request for an appeals conference-- stating that the IRS had already taken more than six months without making a preliminary determination, despite having issued the July 1995 letter that certainly encouraged New Hope to believe that its claim for refund would be honored--would have sufficed, even if it had been denied, to give the IRS an opportunity to make a decision one way or the other and to know that it faced the prospect of a fee award." Dist. ct. order at 10. We certainly agree that such notice to the IRS might have been the better practice, but the question here is whether that action is required in order for New Hope to exhaust its remedies. In resolving that question, we consider first the procedural background of this case.

On April 13, 1995, New Hope filed a claim for a refund of its 1992 taxes and a request for a "determination letter," which sought a determination from the IRS of whether the class of workers described in the refund claim should be considered New Hope's employees for employment tax purposes. The IRS Service Center in Cincinnati, Ohio sent that determination letter to New Hope on July 28, 1995, stating that "it is our determination that any individual in a sheltered workshop being operated to train them to overcome or accept their disability and to reenter the workforce is not an employee of the organization . . . ." New Hope then forwarded a copy of that letter to the IRS District Director in Indianapolis on August 4, 1995, requesting again that the IRS process its claim for a refund. In January of 1996, New Hope was contacted by Revenue Agent Dennis Theurer by phone, followed by Theurer's visit to New Hope's facility in February. New Hope did not hear further from Theurer after that point. In April of 1996, New Hope filed another claim for a refund, this time raising the same issues for the years 1993 and 1994. Finally, on August 13, 1996, approximately 16 months after filing its claim for a refund and still without a decision from the IRS on its claim, New Hope filed this action in district court.

The sole issue in this case is whether New Hope failed to exhaust its administrative remedies because it never requested an appeals conference before filing in federal court. Section 7430 allows the recovery of attorneys' fees only if the exhaustion requirement is first met. In defining what constitutes exhaustion, however, 26 C.F.R. sec. 301.7430-1(e) sets forth an exception for satisfying the exhaustion requirement:

(e) Exception to the requirement that party pursue administrative remedies. If the conditions set forth in paragraph (e)(1), (e)(2), (e)(3) or (e)(4) of this section are satisfied, a party's administrative remedies within the Internal Revenue Service shall be deemed to have been exhausted for purposes of section 7430.

(3)  In the case of a civil action for refund . . . the party --

(iii)  Did not receive either written or oral notification that an Appeals office conference had been granted within six months from the date of the filing of the claim for refund and thefailure to receive such notice was not due to actions of the party (such as the failure to supply requested information or a current mailing address to the district director or service center having jurisdiction over the tax matter).

The plain language encompasses the situation in this case. New Hope did not receive notification of an appeals conference within six months--in fact, it did not receive such notice within 16 months--and the failure to receive the notice was not due to any actions on the part of New Hope. It did not receive the notice because the IRS failed to provide the initial decision within the 6-month period, and therefore the IRS could not grant any appeals conference in that time period.

Seeking to avoid the plain language of that provision, the IRS argues that the failure to receive notice of an appeals conference was indeed due to the actions of New Hope, specifically its failure to request an appeals conference. Because the request must precede the granting of an appeals conference, the IRS reasons

that New Hope deprived it of the opportunity to grant the conference by failing to request one before filing suit in district court, and therefore it does not fall within this exception to the exhaustion requirement.

There are myriad problems with that argument, not the least of which is that the IRS has pointed to no authority for the proposition that New Hope could seek an appeals conference absent a decision to be appealed. In fact, the language of the regulations suggests the opposite. As the district court acknowledged, "[26 C.F.R.] sec. 601.106(b) makes it clear that what the taxpayer appeals from is a preliminary determination--sometimes called a '30-day letter'-- issued by a district director." Dist. Ct. order at 8. That letter informs the taxpayer of the appeals rights available, sec. 601.105(d)(1)(iv), and instructs the taxpayer as to how to file a written protest, sec. 601.105(d)(2)(v). Because appeals are from that preliminary determination, and New Hope never received one, it had no basis in the regulation for requesting an appeals conference. Furthermore, the notification of its appeals rights set forth in IRS Publication 5 is sent with that preliminary determination, and again makes clear that an appeal must be premised upon the findings in the preliminary determination. ("This Publication tells you how to appeal your tax case if you don't agree with the Internal Revenue Service (IRS) findings. . . . If you don't agree with any or all of the IRS findings given you, you may request a meeting or a telephone conference with the supervisor of the person who issued the findings." "You may appeal most IRS decisions with your local Appeals Office." "Include in your protest . . . (3) a copy of the letter showing the proposed changes and findings you don't agree with . . . ."). Furthermore, the procedures for perfecting an administrative appeal repeatedly refer to the letter sent to taxpayers with that preliminary determination ("If you want an Appeals conference, follow the instructions in our letter to you." "When you request an appeals conference, you may also need to file a formal written protest for a small case request with the office named in our letter to you." "When a protest is required, send it within the

time limit specified in the letter you received. [emphasis in original]") It is difficult to see how a person lacking the preliminary determination or the letter setting forth the instructions, appropriate office, and time limits, could properly pursue an administrative appeal. In fact, that same notice of appeals rights also informs the taxpayer that:

If you file a formal refund claim with the IRS, and we haven't responded to you on your claim within six months from the date you filed it, you may file suit for refund immediately in your District Court or the Court of Federal Claims. If we send you a letter that proposes disallowing or disallows your claim, you may request Appeals review of the disallowance.

At no point does it indicate that a taxpayer may seek appeals review of the IRS' failure to respond on the claim. Those provisions make clear that a taxpayer can only appeal from a preliminary determination, and that New Hope could not pursue that avenue before it filed suit given the absence of any determination from the IRS. The failure to grant an appeals conference within the six-month period, then, is attributable solely to the delay by the IRS, and not to any failure by New Hope to pursue avenues available to it.

  Moreover, the IRS seeks a meaningless gesture from New Hope in this case, and would elevate that to an essential component of the exhaustion requirement. The IRS complains that New Hope failed to request a conference in August 1996 before filing suit. Had it done so and the IRS immediately granted the conference, however, New Hope would have fallen squarely within the language of 26 C.F.R. sec. 301.7430-1 as the IRS interprets it, in that it would have taken all actions necessary to secure an appeals conference, but no conference would have been granted "within six months from the date of the filing of the claim for refund." In other words, the request for the conference would not have mattered at that point, because it could not be granted within that six month time period. The only alternative reading would be that sec. 301.7430-1 would not apply at all to New Hope once the IRS

delayed the initial decision past the six-month period, and that New Hope would then have to proceed through the entire process, however lengthy and delayed, before it could be deemed to exhaust its administrative remedies. Nothing in the IRS' brief suggests such a tortured reading of the regulation, and indeed that would put the IRS in the position of being able to end-run the time limits of the regulation by simply delaying its initial decision, in contravention of the apparent purpose of the provision to allow taxpayers to seek fees in court where the IRS fails to grant a conference within six months. Therefore, the IRS' insistence that New Hope had to request an appeals conference before proceeding to court is an insistence on a formality with no practical effect because even under the IRS' interpretation, once New Hope submitted such a request it would have been entitled to proceed to federal court and collect attorneys' fees regardless of the IRS' response to that request.

Finally, as suggested above, the IRS' view of the regulation would transform the regulation from one that allows the taxpayer the discretion to file in federal court and collect fees if the IRS does not timely grant an appeal, to one in which the IRS would control the ability of the taxpayer to so act, and where delay by the IRS in the initial decision would increase, rather than decrease, its ability to avoid fees. Nothing in the language or intent of the provision supports such an inconsistent reading of the language.

The IRS relies for this reading on a decision by the Claims Court in Lawler v. United States, 16 Cl. Ct. 53 (1988). In that case, the court held that a taxpayer had failed to exhaust administrative remedies because he failed to request an appeals conference and that was a condition precedent to the granting of the conference. That case, however, is unhelpful to the IRS because it was undisputed that the IRS in Lawler issued a decision, and thus that Lawler had the opportunity to request a conference and failed to do so. The court held that it would be fruitless for the IRS to review at a higher level every denied claimwithout any indication from the taxpayer that he/she wants to pursue the

matter. Id. at 57-58. Accordingly, it held that a taxpayer dissatisfied with the denial must seek review in order to have exhausted administrative remedies. Id. at 58. In Lawler, then, the taxpayer had received the denial from which an appeal was possible, but had failed to pursue that administrative appeal. In that case, the failure of the appeals office to grant the conference is attributable to the taxpayer, who could have sought the appeal but failed to do so. In contrast, New Hope never received a denial in this case from which an appeals conference could be sought, and it was the IRS' failure to issue the denial that resulted in the failure to grant an appeals conference within the six-month period, not any action by New Hope. Because in Lawler the appeal was prevented by the actions, or inaction, of the taxpayer not the IRS, it is inapplicable to this case.

In fact, other courts that have addressed situations analogous to that of New Hope have held that the exhaustion requirement is satisfied. For instance, in Swanson v. Commissioner of Internal Revenue, 106 T.C. 76 (1996), the court interpreted an exception to the exhaustion requirement that required that: "The party does not refuse to participate in an Appeals office conference while the case is in docketed status." The IRS in that case argued that the language mandated an affirmative act by the petitioner, specifically a request for an appeals office conference. Id. at 98. Petitioners countered that the language places the burden on the IRS, reasoning that petitioners cannot refuse to participate unless the IRS makes an offer of a conference. The court decided the matter by looking at the circumstances in which a conference is offered. The regulations specific to the Swanson situation declared that for cases docketed in Tax Court, the case will be referred by district counsel to the appeals office, and that office will arrange settlement conferences within 45 days of receipt of the case. Id. at 99. Moreover, the court noted that "there is no provision in the procedural rules for a taxpayer request for an Appeals Office conference" in those circumstances. Id. at 99-100. Accordingly, the court held that the petitioners had exhausted administrative remedies. Similarly, the

appeals provisions in this case require an initial denial, and there is no provision for an appeal absent that initial action by the IRS. Because here as in Swanson the IRS rather than the taxpayer had failed to take the actions necessary to make an appeal available, the administrative remedies are exhausted.

Similarly, in McConaughy v. United States, 833 F. Supp. 534 (D. Md. 1993), aff'd 34 F.3d 1066 (4th Cir. 1994), the court considered a refund claim in which attorneys' fees were sought pursuant to sec. 7430. The court held that the plaintiffs who had filed a refund claim with the IRS and waited a year for a decision had exhausted their administrative remedies, because "[a]lthough taxpayers ordinarily must avail themselves of IRS internal procedures to be entitled to attorneys' fees, [citation omitted] in this case there was no initial decision from the IRS either granting or rejecting their requests for the taxpayer to appeal." Id. at 537. The McConaughy court recognized that an appeals procedure is unavailable to a taxpayer who has not received an initial decision from the IRS, and that administrative remedies may be exhausted even absent that appeal. Thus, the limited cases relevant to the issue here support New Hope's position that it has exhausted administrative remedies, and that interpretation is faithful to the plain language of the regulation. Accordingly, consistent with the language and purpose of the regulations, we hold that New Hope has exhausted administrative remedies in this case. Because that was the only contested issue concerning fees here, New Hope is entitled to the fee award. The decision of the district court is reversed and the case remanded for the court to enter judgment for fees in favor of New Hope.