T.C. Memo. 2005-284

UNITED STATES TAX COURT

ESTATE OF JERRY WEISS, DECEASED, NAOMI WEISS, EXECUTOR, AND NAOMI
WEISS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 647-95.                    Filed December 13, 2005.

<u>Robert E. Kolek</u>, <u>Thomas R. Wechter</u>, and <u>Theresa M. H. Marx</u>,
for petitioners.

<u>James M. Klein</u>, <u>Mark J. Miller</u>, and <u>John Comeau</u>, for
respondent.

MEMORANDUM OPINION

GOEKE, <u>Judge</u>:  This matter is before the Court on the
estate's motion to reallocate the burden of proof to respondent.
The sole issue is whether respondent's refusal to transfer a case

to the Appeals Office of the Internal Revenue Service (IRS) (Appeals) is grounds for reallocating the burden of proof to respondent. We hold that it is not.[1] As explained in greater detail, we shall deny the estate's motion.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the tax years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

Discussion

I. The Procedural Rules That Provide for Transfers of Cases to Appeals Do Not Afford the Estate a Substantive Right to IRS Appellate Review

This case involves respondent's deficiency determinations for the taxable years 1989 and 1990. The estate claims that section 601.106(b), Statement of Procedural Rules, and Rev. Proc. 87-24, 1987-1 C.B. 720, afford a substantive right to an Appeals hearing. Section 601.106(b), Statement of Procedural Rules, provides that "the taxpayer has the right * * * of administrative appeal to the Appeals organization" where the District Director has issued a 30-day letter and the taxpayer makes a proper request for transfer to Appeals. Rev. Proc. 87-24, section 2.01,

---

The parties also dispute the factual issue of whether certain communications constituted the transfer of the estate's case to Appeals. However, we are not deciding this factual dispute; rather, we are deciding the legal issue of shifting the burden of proof based on the assumption that respondent failed to transfer the estate's case to Appeals.

1987-1 C.B. 720, provides that cases docketed in the Tax Court "will be referred by District Counsel * * * to the Appeals Division * * * for consideration of settlement unless the statutory notice of deficiency was issued by Appeals."

The flaw with the estate's argument is that neither Rev. Proc. 87-24, supra, nor section 601.106, Statement of Procedural Rules, affords the estate a substantive right to take its case to Appeals. It is well established that "general statements of policy and rules governing internal agency operations or 'housekeeping' matters, which do not have the force and effect of law, are not binding on the agency issuing them and do not create substantive rights in the public." Capitol Fed. Sav. & Loan Association v. Commissioner, 96 T.C. 204, 216-217 (1991) (citing United States v. Will, 671 F.2d 963, 967 (6th Cir. 1982) (Internal Revenue Manual); Einhorn v. DeWitt, 618 F.2d 347, 349-350 (5th Cir. 1980) (Statement of Procedural Rules); Smith v. United States, 478 F.2d 398 (5th Cir. 1973) (Statement of Procedural Rules); Rosenberg v. Commissioner, 450 F.2d 529, 531 (10th Cir. 1971), affg. T.C. Memo. 1970-201 (Statement of Procedural Rules); Luhring v. Glotzbach, 304 F.2d 560 (4th Cir. 1962) (Statement of Procedural Rules)).

The estate relies on United States v. Heffner, 420 F.2d 809 (4th Cir. 1969). Heffner involved a criminal prosecution of a taxpayer for income tax fraud. The IRS had issued and published

in a "News Release" procedures governing agent conduct in investigating tax fraud cases. On initial contact the agent was required to read a Miranda warning but failed to do so. The Court of Appeals for the Fourth Circuit held that the IRS was bound by the stated procedures and that statements obtained in violation thereof were inadmissible in the criminal proceedings. The estate argues that this case, also involving the violation of an internal administrative procedure, should follow the line of reasoning in Heffner. However, as the court noted in Rosenberg v. Commissioner, supra at 529, the Heffner decision was grounded in due process. In Rosenberg, the taxpayer argued that the denial of a hearing before Appeals denied her due process. The Court of Appeals for the Tenth Circuit, affirming the decision of this Court, held that "Due process does not require a hearing at the initial stage or at any particular point of an administrative proceeding." Id. at 533. Further, the court noted that the case before it was not a criminal prosecution but rather a deficiency determination. Here, we are also not concerned with a criminal proceeding. Because the due process concerns in Heffner are not present here, we conclude that Heffner does not apply.[2]

---

[2]Respondent further notes that United States v. Heffner, 420 F.2d 809 (4th Cir. 1969), was decided before United States v. Caceres, 440 U.S. 741 (1979). In Caceres, the Supreme Court declined to exclude evidence of a conversation between an IRS special agent and a defendant that was recorded in violation of the Internal Revenue Manual. This Court has questioned Heffner's
(continued...)

In a notice of supplemental authority, the estate directs this Court's attention to Drake v. Commissioner, 125 T.C. ____ (2005), a case decided recently by this Court.  Drake involved judicial review of a determination under section 6330 by the IRS to proceed with a levy.  However, prior to the section 6330 hearing, the Appeals settlement officer received a memorandum from the IRS Insolvency Unit questioning the credibility and motives of the taxpayer's counsel in a prior court proceeding. The taxpayer was not provided an opportunity to participate in communications between the Appeals officer and the Insolvency Unit.  This Court found that the memorandum violated the IRS's restrictions upon ex parte communications between its employees. See Rev. Proc. 2000-43, 2000-2 C.B. 404.  Accordingly, this Court remanded remanded the case to Appeals to hold a new section 6330 hearing with an independent Appeals officer who had not received the communications.

The estate's reliance on Drake is misplaced.  This case involves the redetermination of a deficiency under sections 6213 and 6214, while Drake involved judicial review of a notice of determination under section 6330.  Under section 6330(b)(1), a taxpayer who receives a prelevy notice under section 6330(a)(1)

_____

2(...continued)
reliability because of Caceres.  See Riland v. Commissioner, 79 T.C. 185 (1982).  In any event, we find Heffner to be distinguishable; the subsequent authority, although worth noting, is not significant.

has the right to an Appeals hearing.  Under section 6330(b)(3),
the taxpayer also has the right to have the hearing conducted by
an impartial Appeals officer.  Therefore, <u>Drake</u> is
distinguishable from this case because there was a statutory
basis for the Court's holding.  Here, we have no authority other
than the internal procedures the estate has cited, which, as
discussed, do not have a legally binding effect.[3]

In addition, once a taxpayer's case is docketed in the Tax
Court, there is no provision in the procedural rules for a
taxpayer to request an Appeals conference.  <u>New Hope Servs. v.
United States</u>, 285 F.3d 568, 572 (7th Cir. 2002); <u>Swanson v.
Commissioner</u>, 106 T.C. 76, 99-100 (1996).

II.  <u>No Authority Supports Shifting the Burden of Proof for
     Violation of the Internal Procedure Relating to the Transfer
     of Cases to Appeals</u>

Generally, determinations made by the Commissioner in a
notice of deficiency are presumed to be correct, and the estate
bears the burden of proving that those determinations are
erroneous.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115
(1933).  Our Rules provide for several exceptions to the

---

[3]In addition, Rev. Proc. 2000-43, 2000-2 C.B. 404, was
promulgated in direct response to a congressional mandate in the
Internal Revenue Service Restructuring and Reform Act of 1998,
Pub. L. 105-206, sec. 1001, 112 Stat. 689, that directed the
Commissioner to develop a plan to prohibit ex parte
communications between Appeals officers and other employees of
the Internal Revenue Service.  See <u>Drake v. Commissioner</u>, 125
T.C. ___ (2005) (slip. op. at 13-14).

delegation of the burden of proof to the taxpayer. Under Rule 142(a)(1), the burden of proof is on the Commissioner with respect to any new matter, increase in deficiency, or any affirmative defenses. None of these exceptions apply here.

In 1998, Congress passed the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, 112 Stat. 685. Under RRA 1998, sec. 3001, 112 Stat. 726-727, the burden of proof is reallocated to the IRS when the taxpayer meets certain substantiation and record keeping requirements. However, section 7491 is effective only for court proceedings arising in connection with examinations beginning after July 22, 1998. RRA 1998 sec. 3001(a), 112 Stat. 726. Therefore, section 7491 does not apply to this proceeding.[4]

The estate cites a line of authority where courts use common law principles to shift the burden of proof in cases where the Commissioner's determination is arbitrary, lacks a factual basis, or is without rational purpose. See, e.g., United States v. Janis, 428 U.S. 433, 440 (1976); Helvering v. Taylor, 293 U.S. 507, 514 (1935); Jackson v. Commissioner, 73 T.C. 394, 403-405 (1979). However, none of those situations are present here. The estate is not challenging the substance of the determination or

---

[4]The estate has cited legislative history from the enactment of sec. 7491 to support its position; however, given that the statute itself is not applicable, it follows that any legislative history argument derived from it is equally inapplicable authority.

alleging that the determination is arbitrary or excessive. Rather, the estate seeks to reallocate the burden of proof on procedural grounds unrelated to the basis of the determination of the deficiency.  Therefore, the cases on which the estate relies do not support reallocating the burden of proof to respondent.

III.  <u>Conclusion</u>

Even if, as the estate contends, respondent effectively denied the estate an Appeals conference, there is no authority to shift the burden of proof under these circumstances.  Therefore, we must deny the estate's motion seeking to reallocate the burden of proof to respondent under Rule 142(a).

To reflect the foregoing,

<u>An appropriate order</u>

<u>will be issued</u>.